CHARLES WHELAN, plaintiff in error, vs. EDWARDS & HACKNEY, defendants in error.

A promise to pay a part of the debt of another in discharge of the whole, has no consideration to support it, unless that other be a party to the new contract.

Assumpsit, in Coweta Superior Court. Tried before Judge HAMMOND, March Term, 1859.

This was an action by Richard H. Edwards and William H. Hackney, merchants and partners in trade, under the name and firm of Edwards & Hackney, against Charles Whelan,

for, the recovery of one hundred and fifty dollars; and was predicated upon the promise contained in the following letter written by defendant, and addressed to *one* of the plaintiffs, to-wit:

"GREENSBORO', April 30, 1856.

*Mr. R. H. Edwards:*

Dear Sir: I received yours of the 26th inst., the first word since I left Newnan. You say you will take the $150, and be the loser that much. I regret that you should lose, but if you can tell who the gainer is, or ever will be in that transaction, I will feel obliged to you. Yet I hope that my son Francis will be the gainer by being able to take a retrospective view of his gambling, drinking, and general dissipation during several years past in your town. I hope the past will be by him received in such a way as to be a valuable lesson to him. I am led by his high regard for your person and interest only, to pay you the $150; as to the value he received, God knows it was anything but value; his value was loss of sleep, loss of money, absence from his family and business; and worse than all, loss of character and practice. Yet, he says, you are one of his best friends; as such, I want you to advise and admonish and reprove him for the past, and caution him against the future. You are able to give him a lesson of experience. Be his friend, and I am yours.

CHARLES WHELAN."

*P. S.*—"Will you risk my sending the money by mail to Newnan, having the letter registered, and take the postmaster's receipt.          C. WHELAN."

The defendant's son, Francis, was owing plaintiffs, one hundred and seventy-two dollars and nine cents, besides interest, by four promissory notes, and the hundred and fifty dollars promised to be paid in the foregoing letter, was in payment of those notes, and which defendant afterward refused to pay.

Plaintiffs proved by Richard M. Hackney, that at plain-

tiff's request, he called on defendant in the town of Newnan, and asked him, if he had written a letter to R. H. Edwards; he said he had, and that he did intend to pay $150, but he had changed his mind, having been written to by so many of his son's creditors. Witness and defendant were talking about debts due by defendant's son to Edwards & Hackney; defendant said he was much obliged to them for waiting with his son; that he had sent the money to Hugh Buchanan to pay this debt, but did not send any instructions to him what to do with it; that he thought he had paid all his son's debts, but afterwards, receiving so many letters about his son's grocery debts, he concluded not to pay any more.

The presiding Judge charged the jury, who returned a verdict for the plaintiffs for $150. Whereupon, defendant moved for a new trial, on the following grounds:

1st. That the Court erred in admitting the evidence of Richard M. Hackney, to prove that the promise contained in the letter of defendant, was a promise to pay to Edwards & Hackney, and not to R. H. Edwards—counsel for defendant objecting to the admission of the testimony at the time it was offered.

2d. That the Court erred in admitting said letter in evidence, the same not containing any promise to pay a debt due to Edwards & Hackney—defendant's counsel objecting to the same at the time.

3d. Because the Court erred in charging the jury, that the letter written by defendant contained a sufficient promise to pay the debt due by his son, William F. Whelan to Edwards & Hackney, provided plaintiffs had proved a consideration for said promise.

4th. Because the Court erred in charging the jury, that Edwards being a member of the firm of Edwards & Hackney, a promise made to him to pay a debt of the firm, was as binding as if made to Edwards & Hackney, provided they

believed that defendant's undertaking was to pay a debt due to Edwards & Hackney.

5th. Because the verdict of the jury is contrary to law and evidence, &c.

The Court overruled the motion for a new trial. Whereupon defendant excepted, and assigned said decision as error.

BUCHANAN & WRIGHT, for plaintiff in error.

R. W. SIMMS, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

1st. The letter of Charles Whelan contains a reference to some debt which his son Francis owed to Richard H. Edwards; and upon the recognized principle of explaining a latent ambiguity, or to state the same thing in perhaps a more satisfactory form, upon the principle of reading the letter in the light of surrounding circumstances, when the debt to which reference is made is not stated upon the face of the paper, it was competent to show what debts existed, and perhaps even to show to which particular one the reference was made; but then the *parol* evidence should, as I think, have been in *harmony* with the letter, and not contradictory to it. The letter spoke of a debt to Edwards, the proof related to a debt to Edwards & Hackney. For my own part, I think the evidence was inadmissible. And for a similar reason, I think the letter itself was inadmissible. It did not support the declaration. The declaration sets forth a promise to pay a debt to Edwards & Hackney, but the letter shows a promise to pay a debt to Edwards.

2d. But while my colleagues were not quite content to repose upon the foregoing view, we are all agreed that there was no consideration to support the promise in this case. It is the naked case of a promise to pay the debt of another;

there is no consideration, either of gain to the promisor or of loss to the promisee. It is too clear for argument, that there was no gain to Whelan, but it was said there was loss to Edwards. The letter (referring to another which Whelan had received from Edwards) does use this language: "You say you will take the $150, and be the loser that much." This obviously was meant to say, " and be the loser of the *remainder*." He then adds: " I will give the $150." True, here was an offer to accept one hundred and fifty dollars in discharge of the whole debt, and a promise to give it. But the *son* was not a party to that arrangement nor privy to it. Suppose Edwards had sued him for the whole one hundred and seventy dollars, would it have been any defence for him to say, " you have agreed to discharge me?" This is a test. Even if Edwards had got the one hundred and fifty dollars in money, what would prevent him from collecting the debt from the son? If another man pays my debt for me, without my consent, it is no payment for me. I remain liable. If this arrangement had been made between all three of the parties, the case would be very different. But as the case stands, to allow the recovery, would be for Edwards to lose nothing, but to get one hundred and fifty dollars from the father, and yet leave his demand against the son intact. If Edwards should enforce his claim against the son, after payment of the hundred and fifty dollars by the father, the latter might doubtless recover it back; but because he could recover it back, is a very good reason why he should not be made to pay it.

Judgment reversed.