## PATILLO vs. SMITH & CLIFFORD.

1. Where, to a suit on a due-bill, defendant pleaded that it was given for merchandise sold by weights and measures, and that plaintiffs, who were merchants, had not had their weights and measures tested as required by law, the *onus* was on the defendant to establish the absence of proper testing so set up.
2. Payment by one person of the debt of another, without the consent, request, or knowledge of the latter, cannot be allowed as a set-off in a suit by the latter against the former on a due-bill.
3. Damages awarded for bringing this case up for delay only.

*Onus probandi.* Set-off. Debtor and creditor. Practice in the Supreme Court. Before Judge UNDERWOOD. Floyd Superior Court. January Adjourned Term, 1878.

Smith & Clifford brought complaint against Patillo on a due-bill. Defendant pleaded that the due-bill was given for family supplies, such as sugar, coffee, etc., which were sold by weights and measures which had never been tested as required by law. Defendant also pleaded a set-off, on account of a gas bill paid by him for plaintiffs.

The evidence on behalf of defendant was, in brief, as follows: Plaintiffs were merchants doing business in Rome; the due-bill was given by defendant for "family supplies" bought by him; the county had, and still has, standard weights and measures; defendant, who was superintendent of a gas company, settled a gas bill of plaintiffs due to the company, of $9.00. He did it with the expectation that he would be allowed a credit for that amount.

Plaintiffs produced the due-bill, and showed that defendant had admitted the debt, but stated that he intended to file a plea to gain time.

The jury found for plaintiffs. Defendant moved for a new trial on the following among other grounds:

(1.) Because the court charged that the *onus* of proving the illegal measurements was on defendant, and refused to charge to the contrary.

(2.) Because the court charged that if the defendant paid

off a gas bill for plaintiffs, without their consent, request, or knowledge, he was not entitled to plead it, and have it allowed as set-off.

The motion was overruled, and defendant excepted.

W. D. ELAM; J. BRANHAM, for plaintiff in error, cited as follows: On charge as to *onus*, 10 *Ga.*, 570; 27 *Ib.*, 75, 600; 54 *Ib.*, 150; Code, §1589; 47 *Ga.*, 25. On set-off, Code, §2900, 2901, 3261; 51 *Ga.*, 81.

HALSTED SMITH; J. R. TOWERS, for defendants, cited as follows: On *onus*, Code, §3758. On set-off, Chitty on Contracts (8 Am. Ed.) 512; 1 Parsons on Contracts, 394. On charge, Code, §4251; 38 *Ga.*, 554; Code, §3871; 1 *Kelly*, 213; 37 *Ga.*, 428; 15 *Ib.*, 160.

WARNER, Chief Justice.

The plaintiffs sued the defendant on a due-bill for $106.24, it being for amount due them on account of family supplies to this date—1st of May, 1875. The defendant pleaded that the plaintiffs were grocery merchants, and sold by wholesale and retail; that said due-bill was given for such articles as were sold by weight and measure, and that plaintiffs did sell said articles by weight and measure without ever having their said weights and measures tested as required by law. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiffs for the amount of their claim. A motion for a new trial was made on the grounds therein stated, which was over-ruled, and the defendant excepted.

1. The burden of proof was on the defendant to show that the "family supplies," for which the due-bill was given, were sold to him by the plaintiffs, by weight and measure, in violation of section 1589 of the Code; therefore there was no error in the charge of the court, nor in its refusal to charge as requested, in relation to that point in the case.

2. There was no error in the charge of the court in view of the evidence in the record, that "if the defendant paid off a gas bill for plaintiffs, without their consent, request, or knowledge, he was not allowed to plead it and have it allowed as a set-off."

3. In view of the evidence in the record, there was no error in overruling the defendant's motion for a new trial, and inasmuch as it appears from that evidence that the defendant said "that he was going to file a plea in this case, but he did not expect to accomplish anything by it, all that he wanted was to gain time, that the note was just, and he owed the money," therefore, let the judgment of the court below be affirmed, with ten *per cent.* damages for delay in bringing the case up to this court, as provided by the 4286 section of the Code.

Judgment affirmed with damages.