## 20246. WRIGHT, GRAHAM & COMPANY *v.* HAMMOND.

BELL, J. 1. "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." Civil Code (1910), § 5516.

2. Where a difference between a seller and purchaser of goods was submitted to arbitration, and resulted in an award in favor of the purchaser, which award was paid by agents who represented the seller in making the sale but who had no other authority from him, and there was no assignment or transfer of the award, such payment and relationship did not, without more, confer upon the agents the right to sue the seller for the amount thus expended or advanced by them. *Whelan* v. *Edwards*, 29 *Ga.* 315, 319; *Patillo* v. *Smith,* 61 *Ga.* 265 (2); *Bag-*

well v. Morton, 95 Ga. 723 (2), 727 (22 S. E. 575); Morgan v. Argard, 148 Ga. 123 (95 S. E. 986); Allen v. Commercial Credit Co., 155 Ga. 545 (117 S. E. 650); McIntyre v. South Atlantic Steamship Line, 12 Ga. App. 399 (3) (78 S. E. 347).

3. Allegations that the plaintiffs were bound, under the terms and conditions of the contract of sale, to pay to the buyer the amount of the damages awarded by the arbitrators, and did pay the same as "in said contract provided," did not help the case on demurrer, where the contract was copied in full as an exhibit to the petition, and contained no provision whatever authorizing or requiring the plaintiffs to pay or settle such award in behalf of the defendant, as seller. Moore v. Seaboard Air-Line Ry. Co., 30 Ga. App. 466 (4) (118 S. E. 471); Bryant v. Guaranty Life Insurance Co., 40 Ga. App. 573 (1 a) (150 S. E. 596). Nor does there appear in the instant case any custom whereby the plaintiffs were authorized to make such payments for the defendant, or any course of dealing wherein they had done so; and hence the case does not fall within the reasoning of Arnold v. Smith, 85 Ga. 510 (11 S. E. 851).

4. Moreover, the award appears to have been made "subject to the English arbitration act of 1889, or any subsistent statutory modification thereof or substitution therefor," and in contemplation of the parties it was to be made an order of His Majesty's High Court of Justice. The provisions of the English act were not pleaded, and there is no allegation as to whether the award was ever made the judgment of His Majesty's court. Held:

(a) The award could not be sued on in this State as a common-law award, because the petition shows affirmatively that it was not an award of that character; and obviously it could not be treated as a statutory award within the purview of the Civil Code of 1910, § 5031. On the other hand, it was an award purporting to have been made under the statutes of England, enforceable only in accordance with such statutes; and since none of such laws were pleaded, the courts of this State are powerless to give a remedy thereon. Green v. East Tenn. & Ga. Railroad, 37 Ga. 456 (1); Southern Express Co. v. Hanaw, 134 Ga. 445 (7) (67 S. E. 944, 137 Am. St. R. 227); Train v. Emerson, 137 Ga. 730 (4, 5) (74 S. E. 241); Evans v. Stinson, 21 Ga. App. 612 (94 S. E. 826).

(b) Since the petition failed to show that the alleged award represented a liability enforceable against the defendant by the courts of this State, the plaintiffs could in no event recover for having paid the same.

5. The petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED AUGUST 29, 1930.

T. Glenn Dorough, for plaintiffs.

G. F. Kelley, R. W. Smith Jr., for defendant.