### 21039. WELLS v. WELLS, Admx.

Mobley, Justice. The exception is to the order of the Superior Court of Screven County entering, on motion of the plaintiff, a summary judgment in favor of the administratrix of the estate of Earl Wells, in an action brought against W. I. Wells. The plaintiff alleged in her petition that her husband, Earl Wells, attended an auction on March 18, 1954, and was the highest bidder on eight lots of land, for which he paid one-third of the purchase price as the down payment; that, at Earl Wells' request, W. I. Wells, his father, the defendant in this action, was named grantee in the warranty deed; that, as agreed by Earl Wells and the defendant, the defendant executed a deed to secure debt to the grantor for $2,665; that Earl Wells paid a total of $2,406.17 on the notes secured by the security deed; that the defendant paid $1,593.83 on the notes; and that the deed to secure debt was canceled of record on May 23, 1957. She prayed that the property be impressed with an implied trust for $2,406.17, plus interest at six percent, for the use and benefit of Earl Wells' estate.

The defendant filed his general demurrer to the petition and his answer thereto. In his answer, the defendant admitted the allegations of the petition set forth above, but corrected

the amount he paid on the notes to $1,575.83. He denied allegations to the effect that Earl Wells was in possession of the property from the date of purchase until his death on January 22, 1957; that it was agreed that the defendant should reconvey the property to Earl Wells; and that all funds paid by the defendant were paid after Earl Wells' death. However, he listed the amounts of three payments made by him. All of the dates of payment were subsequent to January 22, 1957. The defendant further alleged that, at the time of purchase, ". . . it was verbally agreed between Earl Wells and this defendant that the defendant would hold title to this property as trustee for Melvin Wells, the son of Earl Wells . . . and after Melvin Wells became twenty-one (21) years of age and upon this defendant being reimbursed for any . . . expenditures . . . he, W. I. Wells, would convey the fee-simple title to said property to Melvin Wells."

Under the summary judgment entered by the court, the property was impressed with a trust for the use and benefit of the estate of Earl Wells, subject to payment to the defendant of sums totaling $1,575.83. *Held:*

1. There is no merit in the defendant's contention that the trial court erred in entering the order for a summary judgment before the defendant's demurrer to the petition and the plaintiff's demurrer to the answer were disposed of. While *Code Ann.* § 81-1002 provides that, "In all cases demurrer, pleas and answer shall be disposed of in the order named . . ." *Code Ann.* § 110-1203 provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ." In entering a summary judgment in favor of the plaintiff, the trial court found that there was no issue as to material facts alleged, and that on those facts the plaintiff was entitled to a judgment, which amounted to holding that the defendant's general demurrer to the petition was without merit. Entering a summary judgment on the pleadings and admitted facts obviated a formal ruling on the general demurrer.

2. Allegations in the petition sufficient to establish an implied trust (*Code* § 108-106(1)) in Earl Wells were uncontroverted

by the defendant's answer. The defendant did not deny that his son, Earl Wells, paid the grantor of the warranty deed $1,335 as the initial payment for the property, and that Earl Wells requested that the grantor name the defendant as grantee in the deed. It was further shown that Earl Wells made all payments due on the notes prior to his death, and that the defendant made no payments on the notes until after Earl Wells' death. The fact that Earl Wells paid only a part of the purchase price at the time he purchased the property does not rebut the trust implied in his favor. *Berry v. Brunson,* 166 Ga. 523(1) (143 S. E. 761). See also *McDonald v. Dabney,* 161 Ga. 711, 714 (10a) (132 S. E. 547).

The defendant's assertion in his answer that he and Earl Wells orally agreed at the time of purchase that the defendant should hold the land in trust for Earl Wells' son, Melvin Wells, will not defeat the trust implied for Earl Wells' benefit. An express trust cannot be made by parol agreement. *Code* § 108-105; *Smith v. Williams,* 89 Ga. 9, 13 (15 S. E. 130, 32 Am. St. Rep. 67); *Shaprio v. Steinberg,* 175 Ga. 869 (1) (166 S. E. 767); *Jones v. Jones,* 196 Ga. 492(1) (26 S. E. 2d 602). Nor can an allegation of an express, oral trust be employed to defeat a resulting trust. "An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. It is a mere creature of equity. (a) An implied trust may arise from a payment of a portion of the purchase-money. (b) An express oral promise by the grantee to hold in trust for another will not operate to defeat a resulting trust, where, on the special equities growing out of the transaction, the law would, in the absence of such agreement, imply a trust." *McCollum v. McCollum,* 202 Ga. 406(1) (43 S. E. 2d 663).

In *Jackson v. Jackson,* 150 Ga. 544, 552 (104 S. E. 236), this court, in disposing of the contention that a resulting trust might be defeated by an unsuccessful attempt to create an express oral trust in favor of a third person, quoted approvingly from In re Davis, 112 F. 129: "The trustee thus stands in the place of a grantee who seeks to rebut the presumption that the trust results to the purchaser, and seeks to do so by showing that a trust was intended in favor of a third person, which trust is not enforceable against the grantee. The grantee thus claims the entire beneficial interest in

the estate, of which she would otherwise have taken nothing, by showing that a beneficial interest was intended in someone else. She claims a beneficial interest in property because of the expressed intent that she should take no beneficial interest therein. If the purchaser had said nothing, the grantee would have taken nothing. Because the purchaser has said that the grantee is to take nothing, the grantee claims to take everything. This does not appear to be equitable."

There being no substantial issue of fact for determination by a jury, the trial court properly rendered a summary judgment in favor of the plaintiff. *Code Ann.* § 110-1203.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1960—DECIDED OCTOBER 11, 1960.

*L. A. Hilton, Hilton & Hilton,* for plaintiff in error.
*Thomas M. Odom,* contra.