24702. SANDERS, Trustee v. CARNEY et al.

ALMAND, Presiding Justice. Citizens Bank of Hapeville, naming The Atlanta Times, Inc. and Robert D. Carney as defendants, filed its petition to require the defendants to interplead and to establish and litigate their claims to a certain sum of money held by it on deposit under an escrow agreement in which said bank was a mere stakeholder and claimed no interest in said fund. The defendants by their answers prayed that interpleader be granted, and set forth their respective claims to the escrow fund. Under order of court the Citizens Bank of Hapeville paid the sum of money into the registry of the court and was discharged from further liability. Subsequently, Walter D. Sanders, trustee in bankruptcy for The Atlanta Times, Inc., was made a party to the case. Both parties made a motion for summary judgment. The motion of Robert D. Carney was granted, and the motion of Walter D. Sanders, trustee in bankruptcy, was denied. Sanders, trustee, filed his appeal to the Court of Appeals enumerating error on both orders. The Court of Appeals transferred the case to this court on the ground that it was an equity case over which this court and not the Court of Appeals had jurisdiction. *Held:*

This case must be returned to the Court of Appeals. Though it originated by a petition for interpleader and was in its inception an equity case (Ga. L. 1952, pp. 90, 91, *Code Ann.* § 37-1503; *Terhune v. Pettit,* 195 Ga. 793 (25 SE2d 660)), when the two claimants interpleaded and asserted their claims to the fund paid into court and the petitioning bank for interpleader was discharged, the contest or litigation was solely between the claiming parties. Their claims rested solely upon legal grounds. Neither claimant sought any equitable relief. The sole issue was: Who, between the two claimants, was entitled to the fund?

"The test of a case as made by writ of error to the Supreme Court as to whether it is one in equity, and hence review-

able by the Supreme Court (*Code Ann.* § 2-3704), is not what it might have been at any given time during its pendency in the trial court, but what remained in it and is brought here for review. Matters eliminated either by the parties or by order of the trial court constitute no part of the case in the Supreme Court." *Douglas-Guardian Whse. Corp. v. Todd*, 212 Ga. 791 (96 SE2d 275). Further, in *Williams v. Russell*, 207 Ga. 220 (60 SE2d 243), it was held: "The only question for decision being whether the trial court erred in rendering a judgment, based on the report of an auditor, distributing funds in the hands of a receiver, and such question being one of law only, the Supreme Court is without jurisdiction, and the case is transferred to the Court of Appeals." See also *Parks v. Bentley*, 222 Ga. 835 (152 SE2d 864); *State Hwy. Dept. v. Holleman*, 220 Ga. 72 (137 SE2d 39), and *Alexander v. Rozetta*, 219 Ga. 707 (135 SE2d 409).

*Returned to the Court of Appeals. All the Justices concur.*

ARGUED JUNE 11, 1968—DECIDED JUNE 20, 1968.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, Wayne Shortridge*, for appellant.

*Grant, Spears & Duckworth, Robert W. Spears, F. Tread Davis, Hansell, Post, Brandon & Dorsey, Poole, Pearce & Cooper, Walter G. Cooper*, for appellees.

*Returned to the Court of Appeals. All the Justices concur.*