25626. LARSON v. LARSON.

FRANKUM, Justice. Frank B. Larson and the plaintiff, Mary Ethel Wagner Larson were husband and wife. They were divorced in 1962. Prior to the granting of the divorce decree they entered into an agreement relative to a property settlement which was made a part of the judgment and decree.

■

That agreement provided in part that: "Husband shall, as a part of temporary and permanent alimony for the wife, keep in force at least $15,000 face value of life insurance on his own life and pursuant thereto shall keep in force and pay the premiums on or before all due dates hereafter on Certificate No. 11, Group Policy G-3274 with the Union Central Life Insurance Company of Cincinnati, Ohio, and shall make the wife the irrevocable beneficiary of at least $15,000 under said policy so long as she shall live and remain unmarried. It is expressly stipulated that should the wife die or remarry, that the husband shall, thereupon, have the absolute right to resume complete control over said policy of insurance and designate such beneficiary as he elects." Thereafter, in June, 1968, Frank B. Larson married the defendant Marjorie Barton Larson. Frank B. Larson died in June of 1969. In the meantime, some time in 1963, after the entry of the decree above referred to, the insurance policy referred to in the agreement was canceled by Frank B. Larson's employer, and thereafter, until his death, there was no insurance on Frank B. Larson's life payable to the plaintiff. However, at the time he died he had insurance upon his life in the amount of $19,782, which had been obtained prior to his marriage to the defendant, and which at the time of death, was payable to the defendant. The plaintiff sought by this action to impress a trust to the extent of $15,000 upon the proceeds of the latter policy, which proceeds had been paid to the defendant. The trial court held that there was no fraud or equitable basis for imposing such trust as against the named beneficiary defendant, nor under the principle of balancing of equities; that the breach of the divorce decree by the deceased husband occurred when he died not having the group life insurance policy referred to in the divorce and alimony decree in effect and that for that reason there was no question of laches; and that the petitioner has no equitable right, title or interest in the life insurance policy on the life of Frank B. Larson made payable to the defendant, Marjorie B. Larson, and that to that extent the defendant's motion to dismiss was sustained. In the order appealed from, the trial court analyzed the above-quoted paragraph of the agreement as follows: ". . . Paragraph 8 of the agreement made final in the divorce between the petition[er] and Frank B. Larson is divisible in two parts, to wit: Part one being 'Husband shall, as

part of temporary and permanent alimony for the wife, keep in force at least $15,000 face value of life insurance on his own life,' and the Second part, being pursuant ('in obedience thereto'); 'shall keep in force and pay the premiums' on a named policy. . . [T]he designation of petitioner as beneficiary under the policy specifically named was irrevocable but this policy, a group policy, was canceled by deceased's employer." As to the prayers of the complaint seeking a marshaling of the assets of the estate of Frank B. Larson, and other relief, the motion to dismiss was overruled. A certificate of immediate review was signed by the court.

Under the facts stipulated, the legal title in the proceeds of the insurance policy in question was in the defendant. There is no stipulation that the plaintiff paid the premiums on the policy, and, therefore, no beneficial interest therein in favor of the plaintiff arose under the principles of *Code* § 108-106 (1) relating to the creation of implied trusts. Neither do the the stipulated facts in any wise show that the defendant obtained title to those proceeds by means of fraud or that they rightfully belong to the plaintiff. *Code* § 108-106 (2). Nor do the facts stipulated show that it was the intention of the deceased husband that the defendant should have no beneficial interest in the proceeds of the insurance policy. *Code* § 108-106 (3). Finally, it does not appear that the established principles of equity would be violated by allowing the defendant to enjoy the beneficial interests in the proceeds of such policy. *Code* § 108-106 (4).

We have carefully examined the cases cited and relied upon by the appellant. None of those cases requires a different ruling from that which we here make. The trial court did not err in dismissing the complaint insofar as it sought to impose a trust upon the proceeds of the insurance policy, which had been made payable to the defendant as beneficiary.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1970—DECIDED MARCH 5, 1970.

*Poole, Pearce & Cooper, Robert R. Smith,* for appellant. *Charley Parker, Jr.,* for appellee.