26451. BROOKS et al. v. JONES et al.

ARGUED APRIL 14, 1971—DECIDED MAY 6, 1971.

*Harris, Rolader & Simmons, Robert B. Harris,* for appellants.

*James C. Howard, Jr.,* for appellees.

ALMAND, Chief Justice. This appeal is from an order dismissing on motion an equitable complaint.

On November 23, 1960, a divorce decree was entered in Fulton Superior Court in the case of Elizabeth Pierson (now Brooks) v. James L. Pierson. The court approved and made a part of the decree, an agreement between the parties settling all issues and questions between them with respect to alimony, maintenance, custody of children and their support. In this agreement James L. Pierson agreed to pay to Mrs. Pierson for the support of their two daughters, the sum of $150 monthly for each child. He also agreed to bear the expense of a high school and college education for the two daughters. He agreed to designate his then wife as beneficiary in a $10,000 policy of life insurance and in event of her death, the policy to continue for the benefit of the two children. He also agreed to keep in force two insurance policies on his life, each in the sum of $10,000, with the daughters as beneficiaries. The agreement provided: "This agreement represents the entire agreement between the parties and constitutes a full and complete release and separation agreement between them and/or their estates, and in the event of the husband's death the said agreement becomes equally binding on his executor or administrator or representative of the estate and to the same extent and for the same purposes. The said executor, administrator or representative of his estate is to fulfull all the obligations of this contract until the complete termination thereof prior to the distribution of any part of his estate to any other parties."

On September 11, 1970, Elizabeth P. Brooks (formerly Pierson) filed her complaint, individually and as guardian of the properties of Elizabeth L. and Margaret M. Pierson, minors, against Hayden C. Jones, Jr., as executor and trustee, under the will of James L. Pierson and his widow, Jane R. Pierson, in which she prayed that the defendant executor be required to specifically perform the agreement of James L. Pierson, which was embodied in the final divorce decree.

In her complaint the plaintiff alleged: That James L. Pierson died on May 13, 1970, and under his will the defendant Jones was named his executor and as trustee during the minority of each daughter; that the said Pierson failed to maintain and have in force at the time of his death, the insurance policies called for under the agreement; that the aggregate face value of insurance at the time of his death was $65,500, but none of the policies designated either one of the two children as beneficiaries; and, that two of the life policies, one for the face amount of $17,500 and the other policy in the face amount of $10,000 both designated Hayden C. Jones, Jr., as trustee during the minority of each child, as beneficiary. It was alleged that the remainder of insurance policies on the life of Pierson had an aggregate face amount of $38,-000, payable either to the estate of Pierson, or to his widow, defendant Jane R. Pierson. It was further alleged that the deceased was by virtue of the divorce decree obligated to keep in full force insurance on his life, payable directly to the two minors, without the intervention of a trustee.

The prayers of the complaint were: (1) That the defendant executor be required to specifically perform the agreement by paying over to the guardian of the two minors, all proceeds of life insurance he received as trustee. (2) That the defendant Jane Pierson be required to pay over and deliver to Jones, as executor, insurance proceeds derived from policies of life insurance on the life of deceased and constituting a part of his estate. (3) That the defendants be restrained from disposing of, wasting, etc., the assets of the estate, including insurance proceeds.

Defendant Jones, as executor, filed his motion to dismiss on the grounds that (a) the plaintiff had an adequate remedy at law against him as executor; (b) the action was brought in one year after his qualification as executor, and was premature; and (c) no grounds were legally set forth as to why he should be removed as trustee for the minor plaintiffs.

Defendant Jane Pierson filed her motion to dismiss on the grounds that (a) plaintiff's complaint arises by reason of a debtor-creditor relationship, and (b) that the plaintiff has no legal right or claim to the proceeds of life insurance of her husband in the policies in which she was the beneficiary.

In its order sustaining the motions of the defendants to dismiss the complaint the court said: "This agreement has the legal effect of creating the relationship of debtor and creditor. The rights of the parties to that agreement, or their heirs or assigns, must be adjudicated in a court of law."

The appellant enumerates error on this order.

■ One of the grounds of the executor's motion to dismiss was that the complaint was filed less than 12 months from the time he qualified as executor and the action was premature under the provisions of *Code* § 113-1526.

The complaint does not seek to recover a money judgment against the estate, but seeks to require the executor to specifically perform the agreement of the testator and to enjoin the defendants from wasting, distributing the assets of the estate. Paragraph 15 of the support agreement provided that upon the death of the father of the two minors it would be a charge on his estate and his executor was directed "to fulfill all the obligations of this contract until the complete termination thereof prior to the distribution of any part of his estate to any other parties."

The cases relied on by the appellees (*Lipton v. Lipton,* 211 Ga. 442 (86 SE2d 299); *McGahee v. McGahee,* 204 Ga. 91 (48 SE2d 675); *Fuller v. Fuller,* 217 Ga. 691 (124 SE2d 741)) are distinguishable from the case at bar.

This suit for specific performance was not premature.

■ From the allegations in the complaint as to the defendant Jane Pierson, it does not clearly appear whether she collected the insurance proceeds on a policy or policies of life insurance in which she was named as the sole beneficiary, or whether she received the proceeds of a life insurance policy where the beneficiary named was the estate of James L. Pierson.

If she collected the proceeds on a policy in which she was named as the sole beneficiary, she could not be called upon to account for those proceeds by the plaintiffs. *Larson v. Larson,* 226 Ga. 209 (173 SE2d 700).

If she received proceeds of a policy in which the estate was the beneficiary the complaint is sufficient to state a claim against her.

It was error to sustain defendant Jane Pierson's motion to dismiss.

■ A valid and enforceable contract may be made by a husband and his wife settling all claims of alimony and support of the minor children of the parties. It is a general rule that such a contract is enforceable after the husband's death against his estate. *Ramsay v. Sims,* 209 Ga. 228, 234 (71 SE2d 639); 24 AmJur2d 995, § 875. A court of equity has jurisdiction to grant specific performance of a separation agreement which makes a just and equitable provision for the support of minor children. 24 AmJur2d 1046, § 919.

The agreement providing for the support of the minors after the death of their father was made a charge on his estate and is enforceable under the rules governing the grant of specific performance against the defendant executor and trustee of deceased's estate.

The complaint stated a claim against the defendant Jones as executor and trustee under the will of James L. Pierson and it was error to dismiss it.

*Judgment reversed. All the Justices concur.*