30364, 30369. REEVES v. REEVES et al.; and vice versa.

GUNTER, Justice.

This appeal and cross appeal result from a contest

between claimants to the proceeds of policies of life insurance. By agreement the insuring companies paid the proceeds of the policies into the registry of the court, and the issues between the contesting parties were submitted to the trial judge for determination on stipulated facts. Sixty thousand dollars was paid by the insuring companies into the registry of the court. The trial judge's final judgment awarded $46,000 to the two minor children of the deceased by his first wife, and it awarded $14,000 to the deceased's widow, his second wife. The widow appealed, and the minor children cross appealed, the widow contending that she is entitled to the entire $60,000 and the minor children contending that they are entitled to the entire $60,000.

The insured, the deceased husband-father, and his first wife were divorced in 1971. The divorce decree incorporated a property settlement agreement which, in pertinent part, provided: "The husband shall also continue to maintain in full force and effect the life insurance policies upon his life now in effect which shall name the aforesaid minor children as the beneficiaries thereof for so long as the husband shall have financial responsibility to said minor child." The divorce judgment also said: "The agreement between the parties in the above-styled case is hereby incorporated in and made part of this final judgment and decree and the parties are hereby ordered to abide by the same."

After the divorce the insured did not name his minor children as beneficiaries of the insurance policies, but upon his remarriage he named his second wife, now his widow, as the beneficiary of the policies. At the time of the entry of the divorce decree in 1971, the policies insured the deceased in the maximum amount of $46,000. After that date, the maximum amount of insurance on the life of the deceased was increased. It is undisputed that, under the terms of the insuring contracts with the companies, the deceased had the right to change the beneficiary of any policy.

The widow contends that she was the named beneficiary in the insurance contracts at the death of the insured, and that she is entitled to the entire proceeds. The minor children of the deceased contend that, by virtue

of the 1971 divorce decree, they had a vested interest in the insurance contracts during their minority, that the deceased could not divest this interest by merely naming another beneficiary in violation of the court decree, and that they were entitled to the proceeds that became due and payable during their minority.

The trial judge ruled in favor of the two minor children to the extent that they had a vested interest in the contracts as those contracts existed at the time of the entry of the court decree. But he ruled in favor of the widow by holding that the minor children did not have a vested interest in the increased amount of insurance effected after the date of the entry of the court decree.

We affirm the judgment below.

1. We quote the following from *Washburn v. Washburn,* 188 Ga. 468 (1) (4 SE2d 35) (1939): "In an ordinary life-insurance policy, where the insured names a beneficiary by revocable designation, expressly reserving the right to change the beneficiary, the beneficiary does not by such designation acquire a vested right or interest in the policy. The insured in virtue of such express provision may at will change the beneficiary in the policy . . . The insured may lose this right by agreement with the designated beneficiary, for a valuable consideration, not to change the beneficiary, or by subsequent facts establishing equitable interest in the beneficiary. . . . The foregoing is not limited solely to rights as between the insurer and insured, but applies also, as in the above-cited cases, to rights as between the originally designated beneficiary and a substituted beneficiary."

In Provident Life &c. v. Gammage, 296 FSupp. 1331, 1334 (1969), the United States District Court for the Southern District of Georgia held that a property settlement agreement, although not actually incorporated in the divorce judgment, created a vested interest in insurance proceeds in a former wife and children. In the opinion in that case Judge Lawrence said: "The effect of settlements in divorce cases on the right of the insured to change a beneficiary under a policy of life insurance has frequently arisen. See 52 ALR 386; 175 ALR 1231-1233. The terms of a property settlement agreement may preclude the insured from making a

change of beneficiary even though he is given this right by terms of the insurance policy. Metropolitan Life Insurance Company v. Enright, D. C., 231 FSupp. 275. In AmJur, Insurance, § 1676, the cases of Campbell v. Prudential Ins. Co., Ohio App., 73 Ohio Abst. 262, 137 NE2d 515 and Hundertmark v. Hundertmark, 372 Pa. 138, 93 A2d 856 are cited. In the former the assured agreed in a separation agreement, supported by valuable consideration, to keep a policy in force and to name his children as beneficiaries. The Ohio Court of Appeals held that the insured thereby 'estopped himself from invoking the privilege of changing the beneficiary under the policy as fully as if the designation of the plaintiff was set forth in an irrevocable clause in the policy.' In Hundertmark v. Hundertmark, supra, the Supreme Court of Pennsylvania in connection with a property settlement agreement under the terms of which the assured's present wife was made an irrevocable beneficiary under a policy held that her husband could not thereafter make a subsequent wife a volunteer beneficiary."

The trial judge in this case said that the widow's legal arguments, "that insurance is purely contractual, that the policy specifically reserved to the insured the right to change the beneficiary, that the plaintiffs (minor children) were never designated as beneficiaries, and that not even a beneficiary has a vested right in an insurance policy prior to the death of the insured," are inapposite when a court decree has established minor children as beneficiaries during their minority. We agree and hold that the minor children acquired a vested interest in the proceeds of the insurance contracts as those contracts existed on the date of the entry of the court decree.

2. The minor children contend that they are entitled to the entire proceeds from the insurance contracts, not just the insurance in force under those contracts on the date of the entry of the court decree. This contention, on an almost identical set of facts, was held to be without merit by the Court of Appeals of Michigan in White v. Michigan Life Ins. Co., 43 Mich. App. 653 (204 NW2d 772) (1972). There the appellate court affirmed the trial court which had held that the vested interest of the minor children by virtue of a divorce judgment was limited to the insurance

provided by the contract at the time of the entry of the divorce judgment. We agree with that decision and reject the contention of the minor children on this issue in this case.

   *Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1975 — DECIDED JANUARY 28, 1976 —
REHEARING DENIED FEBRUARY 11, 1976
IN CASE NO. 30364.

   *Lokey & Bowden, Hamilton Lokey, John A. Nix,* for appellant (case no. 30364).

   *Carter, Ansley, Smith & McLendon, Tommy T. Holland, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart, Archer & Barnes, James H. Archer, Jr.,* for appellees.

   *Archer & Barnes, James H. Archer, Jr.,* for appellant (case no. 30369).

   *Lokey & Bowden, Hamilton Lokey, John A. Nix, Carter, Ansley, Smith & McLendon, Tommy T. Holland, Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart,* for appellees.