## 34516. CURTIS v. CURTIS.

HILL, Justice.

Stanley Curtis, appellant herein, is a minor child of
Charles N. Curtis and Anne Charlene Curtis Stargell. His
parents were divorced on July 3, 1973. The divorce decree
incorporated an agreement which provided in part: "First
party [father] agrees and second party [mother] agrees
that each shall list said three (3) minor children as the
beneficiaries on all life insurance policies they have in
effect and force at the time of the execution of this
instrument, including the family policy with the
Metropolitan Life and Accident Insurance Company and
a policy of insurance on the first party's [father's] life with
the Travelers Insurance Company provided through his
place of employment. Both parties shall maintain the
children as beneficiaries on said policies until the
youngest of said three (3) minor children reaches the
age of eighteen, or marries, or dies, or becomes
self-supporting, whichever shall first occur." The
agreement did not contain a provision expressly re-
quiring the father to obtain equivalent insurance in the
event he changed employers, etc.

On November 1, 1976, Charles Curtis' employer,
Fabric America, canceled its group life policy with the
Travelers Insurance Company and obtained a new group
policy with Provident Insurance Company. Prior to his
death in 1977, Charles Curtis designated his mother,
Sara Curtis, the appellee, as his beneficiary on the
Provident policy. Upon Charles Curtis' death, Provident
paid the proceeds of the policy to Sara Curtis. Stanley
Curtis then brought this action to recover the proceeds

from her.

The facts were stipulated, the son expressly renounced any claim to a resulting trust for educational purposes, both sides moved for judgment, and the trial court found in favor of the grandmother.

The son relies upon *Reeves v. Reeves,* 236 Ga. 209 (223 SE2d 112) (1976). The grandmother seeks to distinguish *Reeves;* she relies upon *Larson v. Larson,* 226 Ga. 209 (173 SE2d 700) (1970).

The two cited cases are similar to each other in that in each there was a marriage and then a divorce in the course of which an agreement as to life insurance was made part of the divorce decree. In *Larson,* the agreement provided that the husband would keep in force at least $15,000 in insurance, pay the premiums on the group insurance obtained by his employer with Union Central Life, and make the former wife his irrevocable beneficiary so long as she lived and remained unmarried. His employer canceled the policy; he remarried, named his new wife beneficiary in a life policy he had obtained, and thereafter died. The second wife was paid the proceeds of the latter policy. The first wife sued the second wife to impress a trust for $15,000. The trial court dismissed the case and this court, after examining the four subparts of Code § 108-106, affirmed.[1]

In *Reeves,* supra, the agreement provided that the husband would keep in force the life insurance then in effect which shall name his children as beneficiaries, so long as he was financially responsible for them. He remarried and named his new wife as beneficiary of the policies covered by the separation agreement. He died. Suit naming the second wife and the insurance companies as defendants was brought before payment was made, and the proceeds were paid into court. The minor children claimed a vested interest in the insurance policies. The trial court ruled for the minor children as to the amount of insurance in effect at the time of the separation

---

[1] There was no claim in *Larson* against the estate of the deceased for specific performance for breach of the separation agreement. See *Brooks v. Jones,* 227 Ga. 566 (181 SE2d 861) (1971).

agreement and this court said (236 Ga. at 212): "We agree and hold that the minor children acquired a vested interest in the proceeds of the insurance contracts as those contracts existed on the date of the entry of the court decree."

In *Reeves* the insurance covered by the agreement was not canceled by the employer. In *Larson* the insurance covered by the agreement was canceled by the employer and was not replaced. In the case before us the insurance covered by the agreement was canceled by the employer and was replaced. Our task is to decide whether *Larson* or *Reeves* is applicable here.

In *Reeves,* we held that where it is provided in a separation agreement incorporated into a divorce decree that the minor children of the parties are to be named beneficiaries of certain amounts of life insurance, or certain life insurance policies, the minors acquire a vested interest in the proceeds of such policies. We hold today that where a policy of life insurance replaces a policy or amount specified in such a separation agreement, the minors' interest in the prior policy applies to the replacement policy.

*Judgment reversed. All the Justices concur.*

SUBMITTED FEBRUARY 2, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 8, 1979.

*Henry M. Kellum,* for appellant.
*Joseph Szczecko,* for appellee.