### 37834. CHANDLER v. RATCLIFFE.

WELTNER, Justice.

We are called upon in this appeal to interpret provisions in a settlement agreement that was made a part of a divorce decree between the parties in April, 1975. The trial court refused to hold the husband in contempt; the wife sought a discretionary appeal, which we granted.

1. The settlement agreement between the parents provided: "Second Party agrees to pay First Party the sum of $400.00 per month, plus twenty percent (20%) of all earnings over $18,000.00 per year, for the support of [their three children]." The husband contends that this language means he is responsible to pay 20% of his net income, after taxes and social security. The wife argues that she is entitled to 20% of the excess of $18,000.00 in gross earnings. The trial court found in favor of the husband.

The husband's obligation to pay 20% of his excess *gross* earnings is created by the unambiguous and unqualified language of the contract. The trial court erred in holding otherwise. *Stanley v. Stanley,* 244 Ga. 417 (260 SE2d 328) (1979).

2. A second issue relates to the following provision in the agreement: "Second Party agrees . . . to keep said minor children as beneficiaries of his life insurance with Prudential Insurance Company, Aetna Insurance Company, and any other insurance

companies through Delta Employment." The husband later remarried and added his second wife as an additional beneficiary, reducing the amount of insurance proceeds which would flow to the children upon his death. He argues that this provision of the agreement does not require that the children be the sole beneficiaries. In *Reeves v. Reeves,* 236 Ga. 209, 212 (223 SE2d 112) (1976), we held that ". . . the minor children acquired a vested interest in the *proceeds* of the insurance contracts *as those contracts existed on the date of the entry of the court decree.*" (Emphasis supplied.)

Manifestly, while the husband may add or delete beneficiaries at his pleasure, he may not, by any means, alter the provisions of the policy in such manner as to dilute the entitlement of his children as that entitlement stood on the date of the agreement. Conversely, the agreement cannot be interpreted to require him to maintain upon his life *greater* benefits than then in force. See *Reeves,* supra, at 212. The reference in the contract to named insurers and "any other insurance companies through Delta Employment" is properly nothing more than a recognition of the possibility that the husband's employer might at some time in the future change group insurance carriers.

3. The question of whether the husband must furnish proof that the conditions of the policy relative to beneficiaries remains unchanged is remanded to the discretion of the trial court.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JANUARY 6, 1982.

*Kutak, Rock & Huie, Denise Caffrey,* for appellant.
*Watson & Bradley, John L. Watson, Jr.,* for appellee.