39724, 39725. WEINER v. GOLDBERG; and vice versa.

CLARKE, Justice.
This appeal and cross-appeal are from an order of the trial court partially granting and partially denying both parties' motions for summary judgment. The trial court found that a portion of the proceeds from insurance on the life of Joel Weiner belongs to his former wife, Beverly Goldberg, rather than his widow, Merle Weiner, because of the imposition of a constructive trust.

Joel Weiner and Beverly Goldberg were divorced in 1970. The settlement agreement which was incorporated into the final decree of divorce provided that Weiner would maintain for the benefit of the two children of the parties certain life insurance policies in existence at the time of the divorce. At the time of the divorce he had three policies. One of these, a $15,000 policy, lapsed. A group policy with his employer terminated when he changed employment. A policy for $10,000 paid off to Beverly Goldberg as custodian for the children upon his death although its value was reduced by premium loans. Before his death, Mr. Weiner had begun working with the federal government and acquired another group life policy in 1972 as part of his civil service benefits. Since he did not designate a beneficiary, by law the proceeds went to his widow. Since his death, Mr. Weiner's two sons have received benefits from his membership in the Civil Service Retirement and Disability Fund and also Social Security benefits.

The trial court found that a constructive trust was imposed on the group policy benefits to the extent of benefits under the employer's group policy which lapsed after the divorce. The court found that Mrs. Goldberg was not entitled to compensation for the lapsed $15,000 private policy or for the amount by which the $10,000 policy had been reduced by premium loans. The court also found that the various death benefits received by the minor children did not affect the life insurance obligation under the decree.

Appellant Merle Weiner, the widow, contends that none of the

proceeds from the group insurance policy should be subject to any claim of the former wife. She further argues that even if such a claim exists it should be offset by the amount the children receive as death benefits from the civil service disability fund. Appellee and cross-appellant Beverly Goldberg, the former wife, insists that the intent of the parties was that the 1972 group policy serve as a replacement for the benefits of the two private policies, as well as the lapsed group policy.

We reverse the trial court's finding that a constructive trust was imposed on the benefits of the current group policy to the extent of the lapsed group policy. We have held that where a deceased obligated under a final decree and judgment of divorce to keep in effect a life insurance policy allows the policy to lapse, any action by the beneficiary named in the decree is against the estate of the deceased, not against the beneficiary designated by the deceased. *Brooks v. Jones,* 227 Ga. 566 (181 SE2d 861) (1971). Further, where the deceased has allowed a policy to lapse in derogation of the decree and has acquired a new policy and designated a new beneficiary, this, without more, will not give rise to a constructive trust under OCGA § 53-12-26 (former Code Ann. § 108-106). *Larson v. Larson,* 226 Ga. 209 (173 SE2d 700) (1970).

Cases relied upon by Mrs. Goldberg, *Reeves v. Reeves,* 236 Ga. 209 (223 SE2d 112) (1976), and *Curtis v. Curtis,* 243 Ga. 611 (255 SE2d 693) (1979), are distinguishable on their facts from the case at hand. In *Curtis,* the group insurance covered by the agreement was cancelled by the employer and replaced by the employer with another group policy. We found that the new policy was a replacement policy and that the minors' interest in a prior policy applied to the re-placement policy. In *Reeves v. Reeves,* the insurance remained in effect but the former husband changed the beneficiary in violation of the separation agreement. The court held that the minor children had acquired a vested interest in the insurance contracts as they existed at the time of the decree. We found that although the beneficiary under an insurance contract does not ordinarily acquire a vested interest in the proceeds, where the insured has contracted away his right to change beneficiaries, such an interest may arise. Neither these cases nor *Chandler v. Ratcliffe,* 248 Ga. 700 (285 SE2d 694) (1982), also cited by Mrs. Goldberg, apply to the situation here.

Since we have found that the 1972 group policy was not a replacement for the group policy in effect at the time of the divorce, we need not address the other issues raised in the appeal and cross-appeal. Any claim Mrs. Goldberg may have resulting from Mr. Weiner's failure to comply with terms of the agreement and decree must be pursued against his estate and not against the beneficiary of

a subsequent policy of insurance.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Hill, C. J., Smith and Weltner, JJ., who dissent.*

DECIDED SEPTEMBER 12, 1983 —
REHEARING DENIED SEPTEMBER 27, 1983.

*William Boyd Lyons,* for appellant.
*Theodore G. Frankel, Marilyn S. Bright,* for appellee.

WELTNER, Justice, dissenting.

I dissent.

"Equity considers that done which ought to be done and directs its relief accordingly." OCGA § 23-1-8 (Code Ann. § 37-106). "Equity does not regard and treat as done what might be done, or what could be done, but only what ought to be done." *Bair v. Willis,* 218 Ga. 563, 567 (129 SE2d 774) (1963), quoting Pomeroy, "Equity Jurisprudence," Vol. 2 (5th Ed.) p. 14, § 365.

I am unable to understand any essential difference between this case and *Reeves v. Reeves,* 236 Ga. 209 (223 SE2d 112) (1976), and *Curtis v. Curtis,* 243 Ga. 611 (255 SE2d 693) (1979). In the latter case, we observed: "In *Reeves,* we held that where it is provided in a separation agreement incorporated into a divorce decree that the minor children of the parties are to be named beneficiaries of certain amounts of life insurance, or certain life insurance policies, the minors acquire a vested interest in the proceeds of such policies. We hold today that where a policy of life insurance replaces a policy or amount specified in such a separation agreement, the minors' interest in the prior policy applies to the replacement policy." 243 Ga. at 613.

That is exactly and precisely what happened in this case. The failure of Weiner to specify beneficiaries in accord with the divorce decree has the same effect as specifying beneficiaries in violation of the decree. We should not permit his inaction in that regard to deprive his children of their vested interests.

I am authorized to state that Chief Justice Hill and Justice Smith join in this dissent.