## 67385. SULLENGER et al. v. SULLENGER.

McMurray, Chief Judge.

This is an interpleader case to determine the proper beneficiaries to the proceeds of a life insurance policy following the death of the insured. The case was before the trial court and this court on a stipulation of facts which contains the following: Charlie H. Sullenger, Jr., the deceased, was formerly married to Carol Sullenger Bright until they were divorced. There were three children as the issue of this marriage. At the time of the divorce he was insured under a group life insurance policy, the policy having the value of $24,000. As a part of the divorce decree a property settlement agreement was incorporated which provided that "the party of the second part [the decedent] shall maintain and keep in full force and effect the group hospital insurance on the minor children at his place of employment, and he will continue to maintain the company group life insurance with the children as beneficiaries." On the same date of the property settlement agreement, he made a request for change of beneficiary to the three children. Thereafter, however, after he married Viola A. Sullenger, the defendant herein, he executed a form with the insurer naming his wife as beneficiary under a death benefit and declared the three children to be covered under included dependent coverage. At the time of the divorce the value of the group insurance policy was $24,000, increasing to $40,800 until the time of his death and because of interest accrued since the time of his death the proceeds of the policy paid into court by the insurer as interpleader was $43,102. The stipulation of facts further states that the sole legal issue in these proceedings is which party is entitled to the proceeds of the life insurance policy insuring the decedent's life.

By final order the trial court set forth, in substance the above, much of which was found in the stipulation of facts stipulated and agreed to by the parties. The trial court held that the issue set forth above was settled in *Reeves v. Reeves,* 236 Ga. 209, 212 (223 SE2d 112) (1976), a case somewhat similar on its facts to the case sub judice. Therein the Supreme Court held the minor children acquired a vested interest in the proceeds of insurance therein in effect on the date of the entry of the divorce decree but was limited to insurance provided by the insurance contract at the time of entry of the divorce decree and the husband's second wife was entitled to recover the excess benefits upon the death of the husband. The court also set forth that the Supreme Court recently had relied on this holding in the case of *Chandler v. Ratcliffe,* 248 Ga. 700 (285 SE2d 694) (1982). Therefore, in accordance with these decisions the children were awarded $24,000, the value of the policy vesting in them at the time of

the divorce, and the widow was entitled to $16,800, the excess amount on the date of the decedent's death; providing further that these parties are entitled to a proportionate amount of the interest earned and accrued on the benefits since the date of death. *Held:*

The facts in *Reeves v. Reeves,* 236 Ga. 209, 210, supra, are somewhat different from those in the case sub judice, although the deceased husband-father was required in a divorce decree to maintain in full force and effect certain life insurance policies upon his life and was required to name his minor children as the beneficiaries which he therein failed to do. However, the Supreme Court held that the minor children held a vested interest in the life insurance contracts as those contracts existed on the date of the entry of the court decree. In *Chandler v. Ratcliffe,* 248 Ga. 700, 701, supra, the Supreme Court in that case held that the husband might add or delete beneficiaries at his pleasure, but he may not, by any means, alter the provisions of the policy in such manner as to dilute the entitlement of his children as that entitlement stood on the date of the settlement agreement made a part of the divorce decree, holding that he was not required to maintain upon his life greater benefits than then in force. Accordingly, we find no error in the trial court's ruling awarding $24,000 to the children from the group policy and the widow the excess amount on the date of the decedent's death and thereafter awarding a proportionate amount of the interest earned and accrued on the benefits since the date of death. Being controlled by these Supreme Court cases we must affirm the trial court.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

*Michael K. Gardner,* for appellants.
*John G. Hunter,* for appellee.