A90A2009. POPE et al. v. SKIPPER.
(398 SE2d 846)

BEASLEY, Judge.

Following a bench trial, defendant Ruby Pope, individually and in her capacity as executrix of the estate of her deceased husband, Carl Edward Pope, appeals a judgment in favor of her husband's former wife, Inez Skipper f/k/a Inez Pope. Plaintiff sued to recover back child support and to impress an implied trust on life insurance proceeds.

The parties stipulated the following. The plaintiff married Carl Pope on July 24, 1962. On or about March 4, 1968, a life insurance policy in the face amount of $25,000 was issued to Pope naming plaintiff as beneficiary. Pope and the plaintiff were divorced April 3, 1979. The settlement agreement incorporated into the final decree provided: "Husband agrees to maintain in full force and effect and pay the premiums due on the policy of life insurance presently held by Husband covering Husband's life. It is further agreed that said policy shall designate Wife as beneficiary." The same insurer issued another

life insurance policy in February 1980 in the face amount of $16,000 to Pope, naming Mary B. Pope, Pope's then wife, as beneficiary. Pope surrendered the two life insurance policies to the insurer for a third policy issued in the total amount of the two pre-existing policies, $41,000, naming the defendant Ruby Pope as beneficiary.

The parties further stipulated that the maximum recovery available to plaintiff under her claim for the insurance proceeds is the $25,000 face amount of the original policy naming her as beneficiary. At the date of Pope's death, he owed $1,140 in back child support. The court was to consider the deposition of the insurance agent who serviced all three policies.

The agent's deposition testimony was that policy number one ($25,000 face amount), a whole life policy, contained a term rider which was converted to the additional permanent insurance contained in policy number two ($16,000 face amount), also a whole life policy. These two policies were "exchanged" for the third policy ($41,000 face amount), an "interest sensitive whole life plan." The proceeds from the surrender of the first two policies were used to fund an additional paid up whole single premium insurance rider on the third policy.

The trial court determined that plaintiff had a vested interest in the proceeds of the subject policy in the amount of $25,000 inasmuch as Pope by his affirmative actions had cancelled the subject policy and redesignated a beneficiary in direct violation of the divorce agreement. The court also concluded that plaintiff was entitled to recover from Pope's estate the $1,140 child support arrearage.

1. Defendant's sole contention is that the trial court erred in finding that plaintiff had a vested interest in $25,000 of the insurance proceeds. She submits that the case is governed by *Weiner v. Goldberg*, 251 Ga. 470 (306 SE2d 660) (1983); *Larson v. Larson*, 226 Ga. 209 (173 SE2d 700) (1970).

*Weiner* and *Larson* are inapposite. In both cases, the actions apparently had been brought solely against the later beneficiaries, individually, rather than against the decedents' estates, and the insurance policies named in the divorce decrees were terminated not by the deceased spouses' affirmative acts of cancellation but rather by a change of employment in the former and cancellation by the employer in the latter. Moreover, in those cases, unlike the present case, there was no showing that the later policies at issue were replacements for the policies in effect at the times of the divorce decrees.

This case is governed instead by the principles set forth in *Whitehead v. Whitehead*, 191 Ga. App. 330 (381 SE2d 757) (1989), and the cases cited therein. Judgment in favor of plaintiff and against defendant as representative of the estate was authorized.

2. Plaintiff's motion for damages for frivolous appeal pursuant to

OCGA § 5-6-6 is denied.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 14, 1990.

*Burt & Burt, Terry J. Marlowe,* for appellants.
*Alfred N. Corriere,* for appellee.