S97A0243, S97X0244. ZOBRIST v. BENNISON; and vice versa.
(486 SE2d 815)

BENHAM, Chief Justice.

Appellant/cross-appellee Zobrist is the widow of Stephen J. Zobrist, who was formerly married to appellee/cross-appellant Bennison and was the father of her three children. The divorce decree required Mr. Zobrist to designate his children as beneficiaries of two

life insurance policies ($40,000 and $395,000) available to him through his employer, and forbade him voluntarily to reduce the amount of coverage. When his employment ended due to his full disability resulting from leukemia, Mr. Zobrist exercised his right to convert the policies to individual policies. He did not designate his children as beneficiaries, but named Zobrist as beneficiary on the smaller policy and his estate as beneficiary on the other. After Mr. Zobrist died in July 1994, Zobrist offered for probate a will providing for a trust for the children to be funded from the proceeds of the larger of the two policies after payment of the estate's debts and after a payment reducing by half the principal of Zobrist's mortgage. A guardian ad litem appointed to represent the children's interests with regard to probate discussed the estate first with its attorney and then with Bennison, reported to the estate's attorney that Bennison and the children would not contest the will, and filed a report with the probate court to the effect that the probate of the will was in the best interests of the children. Zobrist then applied for and received the proceeds of the policies. In November 1994, Bennison filed suit claiming that the proceeds of both policies belonged to her children. In an order containing a thorough analysis of the effect of the divorce decree, the trial court concluded that the decree required Mr. Zobrist to name the children as beneficiaries in both policies, and granted Bennison, as guardian of her children, summary judgment against Zobrist as executor for the face amount of both policies, and against Zobrist individually for the unexpended portions of the proceeds from both policies, but conducted a hearing concerning the portions Zobrist had expended. The result of that hearing was an order holding that estoppel prevented Bennison's recovery from Zobrist individually of both the money spent from the larger policy to pay estate debts, and the money spent from the smaller policy, which named Zobrist as beneficiary, for Zobrist's personal use. The order also imposed a constructive trust for the children's benefit against Zobrist's home to the extent of the funds used to pay down her mortgage.

In Case No. S97A0243, Zobrist contends the trial court erred in allowing an action against her personally for the proceeds of the policy in which she was named beneficiary; in ruling that the insurance policies at question were subject to the terms of the divorce decree; and in impressing a constructive trust on Zobrist's house. In the cross-appeal, Case No. S97X0244, Bennison complains of the trial court's application of principles of estoppel and of the direction of a verdict for Zobrist on the issue of breach of fiduciary duty.

1. Zobrist's first two contentions, that suit should not have been permitted against her personally for the proceeds of the policy which named her as beneficiary, and that the divorce decree had no effect

on the insurance policies involved here, are controlled adversely to her by the principles stated in *Curtis v. Curtis*, 243 Ga. 611, 613 (255 SE2d 693) (1979):

> In *Reeves* [*v. Reeves*, 236 Ga. 209 (223 SE2d 112) (1976)], we held that where it is provided in a separation agreement incorporated into a divorce decree that the minor children of the parties are to be named beneficiaries of certain amounts of life insurance, or certain life insurance policies, the minors acquire a vested interest in the proceeds of such policies. We hold today that where a policy of life insurance replaces a policy or amount specified in such a separation agreement, the minors' interest in the prior policy applies to the replacement policy.

In *Curtis*, this Court permitted a suit against the beneficiary of a policy which replaced a policy which a divorce decree required the insured to maintain for the benefit of a child. Here, too, the defendant is the beneficiary of a policy which was obtained as a replacement for a policy the insured was required to maintain for the benefit of his children. Although the circumstances of the replacement of the policies here were slightly different than those in *Curtis*, there is no question that the policies involved here were replacements: Mr. Zobrist exercised a right to convert his coverage under a group policy into individual policies. In the cases relied upon by Zobrist (*Weiner v. Goldberg*, 251 Ga. 470 (306 SE2d 660) (1983); *Brooks v. Jones*, 227 Ga. 566 (181 SE2d 861) (1971); and *Larson v. Larson*, 226 Ga. 209 (173 SE2d 700) (1970)), the policies referred to in the divorce decrees were canceled or had lapsed and were not directly replaced. That distinction robs those cases of effect in this appeal.

2. In attacking the imposition of a constructive trust against her house, Zobrist relies on *Weiner v. Goldberg*, supra, but that case is distinguishable from this for the same reasons stated in that case for distinguishing it from *Curtis*, supra: this case involves a policy which specifically replaced the policy which the decree required Mr. Zobrist to maintain with the children as beneficiaries, while *Weiner* involved a lapsed policy and a subsequent unconnected policy.

" 'An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another.' [Cit.]" *Wells v. Wells*, 216 Ga. 384, 386 (116 SE2d 586) (1960). In its grant of partial summary judgment to Bennison, the trial court concluded that the money used to pay down Zobrist's mortgage actually belonged to Bennison's children. That conclusion, applied to the principle stated above, authorized the imposition of the trust.

3. In the cross-appeal, Bennison contends that the trial court erred in applying estoppel against her children and permitting Zobrist to retain that portion of the insurance proceeds she had spent on herself. The trial court noted that no decided cases directly support the application of estoppel against minors on the basis of their guardian's conduct, but concluded that holding Zobrist liable for the amounts she had spent would be unjust in light of the uncontradicted evidence that Bennison and the guardian ad litem appointed for the children were aware of the testamentary arrangement before Zobrist applied for and received the insurance proceeds; that the guardian ad litem was aware of the possibility that the divorce decree might make the planned disposition illegal, but stated in the answer he made on the children's behalf to the petition for probate that probate of the will would be in the best interests of the children; and that Zobrist had acted in reliance on the guardian ad litem's conclusion. Although the trial court's conclusion was well-reasoned, we conclude that Georgia law does not support the application of an estoppel against minors under the circumstances of this case.

"Waivers or estoppels [are] not ordinarily . . . imputable against infants, except an estoppel in pais based on fraud and deceit by an infant who has reached an age of discretion when fraud can be imputed against him [Cits.]. . . ." *Brown v. Anderson,* 186 Ga. 220 (197 SE 761) (1938). There is no contention in this case that Bennison's children, assuming they have reached an age when fraud can be imputed against them, have exhibited any fraudulent intent. Indeed, the children have been entirely passive actors in this matter. The estoppel applied by the trial court was based on the conduct of others, specifically their mother and an appointed guardian ad litem, and the trial court's imputation of estoppel against the children was based on unfairness to Zobrist, not on fraud practiced by either Bennison or the appointed guardian ad litem. Recognizing the harshness of the rule as it applies to Zobrist, we conclude nonetheless that there is nothing in the record of this case which justifies the equally harsh result of applying estoppel against Bennison's children. Accordingly, we reverse so much of the trial court's order as applies an estoppel against the children and direct that the judgment be modified to include within Zobrist's liability the sums she expended for her own benefit and for the payment of estate expenses.

4. Finally, Bennison complains of the trial court's direction of a verdict against her on her claim against Zobrist for breach of fiduciary duty. Bennison's argument is based on what she perceives as a conflict in the evidence regarding Zobrist's reliance on legal counsel in her decision to seek the insurance proceeds as individual beneficiary and as executor of her husband's estate. Our review of the record persuades us that the trial court was correct.

Zobrist testified at trial that she relied on legal advice that she was entitled to claim the insurance proceeds. Bennison points to deposition testimony in which Zobrist testified that she had attended a meeting between her husband and his attorney, but that she had not sought advice on the legality of her claim. Those statements do not conflict: the deposition testimony dealt with a conversation between Mr. Zobrist and his attorney concerning whether the estate could be made the beneficiary of one policy, and the trial testimony referred to advice given her subsequent to Mr. Zobrist's death. We agree with the trial court that there was no conflict in the evidence and that Zobrist was entitled to judgment as a matter of law on that issue. OCGA § 9-11-50 (a).

*Judgment affirmed in Case No. S97A0243; affirmed in part, and reversed in part in Case No. S97X0244. All the Justices concur, except Fletcher, P. J., Carley and Hines, JJ., who dissent.*

FLETCHER, Presiding Justice, dissenting.

I would reverse the trial court's decision in the direct appeal because the Zobrists' divorce decree did not cover the two life insurance policies at issue in this action.

The divorce decree provided:

Husband shall designate, irrevocably, the parties' minor children as beneficiaries of the life insurance benefits currently available to husband through his employer. The parties recognize and acknowledge that the death benefits available under said insurance plan may fluctuate, depending upon husband's income, from his employer; however, husband shall not voluntarily cause the amount of said coverage to be reduced.

At the time of the divorce, Mr. Zobrist was covered by two group life insurance policies that his employer provided. When his employer terminated his employment, it no longer provided this insurance to him and he exercised his right to obtain coverage under new policies providing individual whole life coverage. The policies were not life insurance benefits "available to husband through his employer" and were significantly different from the employer's group insurance. Additionally, Mr. Zobrist paid substantially higher premiums for these new policies. And, contrary to the majority's assertions, the policies were not replacement policies as in *Curtis v. Curtis*[1] where the employer merely replaced one group policy with a group policy issued by another company.

---

[1] 243 Ga. 611 (255 SE2d 693) (1979).

Because Mr. Zobrist's employer canceled his group insurance coverage when his employment ended, he did not voluntarily cause the reduction in his benefits, and the divorce decree did not require him to purchase a new policy to replace the insurance benefits provided through his employer, I conclude that the new life insurance policies were not subject to the terms of the divorce decree. Therefore, the beneficiaries named in these policies were entitled to the life insurance benefits.[2] I respectfully dissent.

I am authorized to state that Justice Carley and Justice Hines join in this dissent.

DECIDED JUNE 30, 1997 —
RECONSIDERATION DENIED JULY 24, 1997.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell,* for appellant.

*Stephen G. Scarlett, James D. Benefield III,* for appellee.

---

[2] See *Larson v. Larson,* 226 Ga. 209 (173 SE2d 700) (1970).