## A07A1963. SPARKS v. JACKSON.
### (658 SE2d 456)

MIKELL, Judge.

This is a dispute between the deceased's widow, Rhonda Spradley Sparks, and his former wife, Sonya Sparks Jackson, over the proceeds of the deceased's life insurance policy. The trial court granted Jackson's motion for summary judgment and awarded the proceeds of the policy to her as legal custodian of the deceased's minor children. Sparks appeals, and, for the reasons set forth below, we affirm in part and reverse in part and remand the case to the trial court.

On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

The facts are largely undisputed. Jackson and the deceased, Randall W. Sparks, married in 1988 and divorced in 1998. Their settlement agreement, which was made part of the divorce decree, provided in pertinent part:

Husband agrees to maintain his current level of life insurance on his life through his employment which at the present time is $220,000.00, with Wife being named as the irrevocable beneficiary for the benefit of the children until such time as the children obtain the age of 18 years at which time she will be deleted as the beneficiary for their behalf and the children will be named as equal beneficiaries.

On June 6, 2005, the deceased designated Sparks as the beneficiary under his life insurance policy (the "Policy") with Unum Life Insurance Company.[2] The Policy was issued in the name of the deceased's employer, Cooper Tire and Rubber Company, who had hired the deceased in 1986. The deceased worked for Cooper Tire until February 2004, at which time he took a leave of absence for medical reasons. Sparks and the deceased made premium payments

---

[1] (Citation and punctuation omitted.) *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

[2] The parties do not dispute that, insofar as the insured's rights under the Policy, the insured retained the right to change the beneficiary at will.

on the Policy in the amount of $957.22 on June 21, 2005 and October 5, 2005, and $957.44 on August 10, 2005. The deceased died November 28, 2005.

On March 29, 2006, Sparks filed a petition against Unum Life, Cooper Tire, and Jackson praying that, since Sparks and Jackson were both claimants to the Policy proceeds, Unum Life be ordered to interplead those funds with the superior court for determination of which claimant was entitled to the proceeds. Pursuant to a consent order, Unum Life deposited Policy proceeds of $238,644.16 with the superior court. The proceeds consisted of $171,000 in basic group death benefits, excess life insurance death benefits of $57,000, and interest in the amount of $10,644.16.

Sparks and Jackson filed cross-motions for summary judgment, and the trial court granted summary judgment to Jackson and ordered that the interpleaded funds be paid to her for the benefit of the deceased's minor children. Sparks appealed to our Supreme Court, which transferred the appeal to this court upon finding that the only issue on appeal was which claimant was entitled to the insurance proceeds.

1. Sparks contends that the trial court erred in failing to award her the Policy proceeds because the settlement decree did not actually name Jackson or the children as Policy beneficiaries, and because the trial court had previously entered an order providing that Sparks was the only beneficiary named in the Unum Life claim file. She also contends that the trial court erred in awarding Jackson all of the proceeds because the deceased only agreed to maintain life insurance in the amount of $220,000.

As a general rule, if the insured names a beneficiary by revocable designation the beneficiary does not acquire a vested right or interest in the policy and the insured may change the beneficiary at will.[3] However, the insured may forfeit this right if he agrees for valuable consideration not to change the beneficiary.[4] In the context of a divorce settlement, "[t]he terms of a property settlement agreement may preclude the insured from making a change of beneficiary even though he is given this right by terms of the insurance policy."[5] Thus, where a divorce decree requires the husband to name his children or

---

[3] *Reeves v. Reeves*, 236 Ga. 209, 211 (1) (223 SE2d 112) (1976); *Washburn v. Washburn*, 188 Ga. 468 (1) (4 SE2d 35) (1939).

[4] *Reeves*, supra; *Washburn*, supra at 468 (1) (a).

[5] (Citations omitted.) *Reeves*, supra at 211-212 (1).

his former wife as beneficiaries of his life insurance policy and to keep the policy in force, the children or former wife obtain a vested interest in the policy proceeds.[6]

Sparks points out that nowhere in the record does it show that Jackson was ever named the Policy beneficiary. The deceased changed the designated beneficiary in 2005 to name Sparks as the Policy beneficiary, but the Unum Life case file does not identify the previous beneficiary. Sparks also contends that the settlement agreement does not expressly name Jackson or the children as beneficiaries. However, the settlement agreement, contrary to Sparks's suggestion, does identify Jackson and the children, and the lack of evidence showing that Jackson, for the benefit of the children, was ever specifically designated as Policy beneficiary is not determinative. In *Reeves*,[7] the husband, through a property settlement agreement, agreed to maintain his life insurance policies in force and to name his minor children as beneficiaries.[8] After the divorce, the husband did not name his minor children as beneficiaries of the policies as he had agreed and then named his second wife as the beneficiary upon his remarriage.[9] Our Supreme Court concluded that the minor children nevertheless had a vested interest in the policies as those contracts existed on the date of the entry of the divorce decree, and thus the second wife was not entitled to the insurance proceeds to the extent of the children's vested interest.[10]

Sparks also shows that the record does not show that the Policy was the same insurance policy that was in effect at the time of the deceased's divorce from Jackson. The Unum Life case file shows the effective date of the Policy to be January 1, 2002. However, even if the Policy is not the same insurance policy which was in effect at the time of the divorce, it is the only life insurance policy shown to be carried by the deceased through Cooper Tire, with whom he began employment in 1986, and thus we conclude that there is no issue of material fact as to whether the Policy is the insurance the deceased was obligated to maintain under the terms of the divorce settlement agreement. "[W]here a policy of life insurance replaces a policy or

---

[6] See id. (minor children held a vested interest in the life insurance contracts as those contracts existed on the date of the entry of the court decree); *Whitehead v. Whitehead,* 191 Ga. App. 330, 331-332 (381 SE2d 757) (1989) (wife acquired vested interest in husband's policy named in judgment of divorce notwithstanding that husband later changed beneficiary to his estate, and the vested interest continued in a successor policy).

[7] Supra.

[8] Id. at 210.

[9] Id.

[10] Id. at 212 (1).

amount specified in such a separation agreement, the minors' interest in the prior policy applies to the replacement policy."[11]

In light of the foregoing, we conclude that Jackson, for the benefit of the deceased's minor children, had a vested interest in the Policy by virtue of the settlement agreement regardless of whether she was specifically designated as a Policy beneficiary or whether the Policy was the exact instrument in effect at the time of the divorce. The court order referred to by Sparks does not change the result, as it only addresses Jackson's failure to respond to a request for admissions as to certain exhibits containing the Unum Life case file. The fact that Sparks was the only beneficiary named in the file was never contested by Jackson and was not determinative of who was entitled to the Policy proceeds.

We agree with Sparks, however, that the trial court erred in awarding all of the Policy proceeds to Jackson. Jackson's vested interest in the proceeds of the Policy is limited to the amount of insurance the deceased agreed to maintain at the time of the settlement agreement, which was $220,000.[12] Thus, Jackson, for the benefit of the deceased's children, is entitled to $220,000 of the interpleaded funds and that portion of the $10,644.16 in interest deposited with the court that is attributable thereto. Sparks is entitled to the remainder of the proceeds.[13] On remand, the trial court is directed to enter judgment accordingly.

2. Sparks also contends that the trial court erred in failing to equitably divide the Policy proceeds between Sparks and Jackson because she made a number of Policy premium payments in 2005.[14] In its order transferring the case to this court, our Supreme Court concluded that it did not have equity jurisdiction because "the only issue on appeal is which claimant is entitled to the proceeds."[15] As this issue rests upon legal grounds,[16] we will not consider whether the trial court erred in failing to equitably divide the proceeds.

---

[11] (Citation omitted.) *Zobrist v. Bennison*, 268 Ga. 245, 247 (1) (486 SE2d 815) (1997). See *Curtis v. Curtis*, 243 Ga. 611, 613 (255 SE2d 693) (1979); *Whitehead*, supra at 331-332; *Pope v. Skipper*, 197 Ga. App. 572, 573 (1) (398 SE2d 846) (1990).

[12] See *Chandler v. Ratcliffe*, 248 Ga. 700, 701 (2) (285 SE2d 694) (1982) (husband may add or delete policy beneficiaries at his pleasure so long as children's interest on date of settlement agreement not diluted; provided, agreement could not be interpreted to require husband to maintain greater benefits than then in force).

[13] See *Reeves,* supra at 212-213 (2) (children entitled to only insurance in force under contracts on date of entry of court decree).

[14] The record shows the funds were actually paid from Sparks's and the deceased's joint account.

[15] See *Adler v. Ormond*, 224 Ga. 430 (162 SE2d 353) (1968); *Sanders v. Carney,* 224 Ga. 429-430 (162 SE2d 351) (1968).

[16] For instance, in her petition Sparks demands that Jackson "be required to show cause what legal right she has to the insurance proceeds." See id. (although interpleader originated

3. Sparks also maintains that the Federal Employee Retirement Income Security Act (ERISA) preempts Georgia law, and that the settlement agreement fails to meet ERISA requirements for beneficiary designation. As she admits, however, this argument was never made to the trial court. "[A]bsent special circumstances, an appellate court need not consider arguments raised for the first time on appeal."[17] Special circumstances may include "a jurisdictional challenge, a claim of sovereign immunity, a serious issue of public policy, a change in the law, or an error that works manifest injustice."[18] Since Sparks fails to show the existence of special circumstances in this case, we will not consider the argument.

*Judgment affirmed in part and reversed in part, and case remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 29, 2008.

*G. Gerald Kunes*, for appellant.
*W. Edward Meeks, Jr.*, for appellee.

---

as equity case, after funds were paid into court and the interpleading party was discharged, the only issue, which rested upon legal grounds, was the claims of the remaining parties to the funds.

[17] (Footnotes omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

[18] (Citation and punctuation omitted.) Id. at 829, n. 10.