DECIDED NOVEMBER 15, 1929.

*W. A. Slaton*, for plaintiff in error. *Earle Norman*, contra.

## 19586. BRYANT v. GUARANTY LIFE INSURANCE CO.

574

DECIDED NOVEMBER 15, 1929.

*M. B. Peacock, Bennet & Peacock,* for plaintiff in error.

*S. B. Lippitt,* contra.

BELL, J. (After stating the foregoing facts.) ■ The plaintiff insurance company issued a policy of insurance upon the life of Alice Sanford, in which Willie Sanford was named as beneficiary, but, after the death of the insured, paid the face amount of the policy to Willie M. Bryant, upon the theory that the policy had been so changed as to make Bryant the beneficiary instead of the person originally designated as such. Willie Sanford, claiming that he still was the person entitled to receive payment, sued the company and recovered a judgment not only for the face amount of the policy but for an additional sum as the fee of his attorney, together with the costs of court. In that suit the company vouched Bryant into court for the purpose of binding him by such judgment as might be rendered against it; and it is now proceeding directly against Bryant to recover the loss which it has sustained. The instant suit is expressly denominated an action for money had and received, and the question is, does the petition set forth sufficient facts to show the plaintiff entitled to recover?

We will consider the case first without reference to the fact that the defendant was vouched in and requested to defend the former suit, because if the petition has otherwise stated a cause of action,

it would not be subject to general demurrer even though the act of the plaintiff in vouching the defendant into the prior litigation may have been ineffectual for the purpose intended; and in thus undertaking to determine whether the suit is maintainable as a plain action for money had and received, we may also eliminate the fact that the plaintiff has been required to pay the amount of the policy to Willie Sanford since it made the payment to the defendant Bryant, because if the plaintiff has no right to recover independently of such fact, its loss in paying the money to Sanford can not by suit be transferred to Bryant.

The petition avers that the defendant is indebted upon an implied contract for money had and received without any consideration whatever, and for money paid by reason of a mistake of fact, which the defendant is under an obligation, from the natural ties of justice and from equity and good conscience, to refund, "by reason of facts hereinafter alleged." The plaintiff thus planted its case specifically upon such additional facts as would thereafter be shown in the petition, and (aside from the allegations with respect to the suit of Sanford, the vouching in of Bryant, and Sanford's judgment against the plaintiff, together with the plaintiff's satisfaction of such judgment) the petition contains no further averments to sustain the claim against Bryant, except that he produced and surrendered the original policy wherein the beneficiary was endorsed as changed, and that the plaintiff, believing this endorsement to be genuine, paid the proceeds of the policy to him. These facts do not show that the money was paid without any consideration whatever, or that it was paid by reason of a mistake of fact, or that the defendant was under an obligation, from the natural ties of justice and from equity and good conscience, to refund it. The petition in one place alleged by conclusion that the defendant was indebted and referred to averments to be made elsewhere as sustaining such conclusion; whereas an examination of the facts thus indicated discloses that they do not support the charge. For aught that appears the defendant may have paid to the insured or to the original beneficiary a sufficient consideration (assuming that such was necessary) to entitle him to be substituted as the payee of the policy. In that case a consideration to the company would not be essential.

There is nothing to show that the company acted upon a mistake

of fact, the mere general statement as to such mistake being insufficient to raise any issue. *Cox* v. *Mercer,* 74 *Ga.* 399; *Williamson* v. *Marchman,* 35 *Ga. App.* 710 (2) (134 S. E. 625). The allegation that the plaintiff believed that the endorsement purporting to change the beneficiary was genuine does not amount to a charge that it was not genuine, nor does this fact otherwise appear. In this state of the record it is to be inferred that the endorsement was genuine, and there is nothing to indicate that it was not also valid. *Charleston &c. R. Co.* v. *Augusta Stockyard Co.,* 115 *Ga.* 70 (41 S. E. 598). The defendant could have submitted an endorsement changing the beneficiary to himself, which might have been insufficient to entitle him to the money and yet not place him in bad conscience if he failed to refund it once it was paid to him. *Whitehurst* v. *Mason,* 140 *Ga.* 148 (3) (78 S. E. 938). "Even where money is paid under a mistake of fact, or in ignorance of facts, it can not be recovered, unless the circumstances are such that the party receiving it ought not, in equity and good conscience, to be allowed to retain it. *Atlanta Telephone & Telegraph Co.* v. *Fain,* 16 *Ga. App.* 475 (2) (85 S. E. 791), and citations. . . The expression, 'in equity and good conscience,' as above used, refers only to the acts and intentions of the person receiving the money as affecting the other party to the transaction. If he has acted in good faith and in good conscience with the person paying the money, he is entitled to retain it, even if his actions and intentions may not have been in good faith and in good conscience as regards other persons not connected with the transaction." *Stern* v. *Howell,* 33 *Ga. App.* 693 (2) (127 S. E. 775).

According to the Code, payments "made through ignorance of the law, or where the facts are all known, and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party, are deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor, or to release person or property from detention, or to prevent an immediate seizure of person or property." Civil Code (1910), § 4317. So far as appears, the payment in this case was entirely voluntary; and if so, it is gone, and the plaintiff can not retrieve it. As was held in *Camp* v. *Phillips,* 49 *Ga.* 455, to entitle a person to recover back money which he has paid, on the ground that it was paid to the defendant through a mistake or ignorance of facts,

which he sets up as showing there was no legal liability on him to pay, the plaintiff should allege and show on the trial that at the time of the payment he was mistaken as to such facts, or ignorant of their existence. See also *Arnold* v. *Georgia R. Co.,* 50 *Ga.* 304 (3); *Strange* v. *Franklin,* 126 *Ga.* 715 (55 S. E. 943); *McCarty* v. *Mobley,* 14 *Ga. App.* 225 (3) (80 S. E. 523); *Decatur County* v. *O'Neal,* 38 *Ga. App.* 158 (142 S. E. 914).

It follows from what has been said that the petition fails to set forth a cause of action, unless the facts touching the suit and recovery by Willie Sanford, the plaintiff's payment of the judgment in Sanford's favor, and the defendant's connection with that suit as vouchee, should necessitate a different conclusion. We will next consider the case in the light of such additional circumstances.

If the transaction between the plaintiff and the defendant Bryant was not had under such circumstances that the plaintiff would be entitled to recover back the payment under the other facts appearing, we are unable to perceive wherein the action is made good by the additional averments touching the litigation with Sanford and Bryant's connection with it as vouchee. The law provides that, "Where a defendant may have a remedy over against another, and vouches him into court by giving notice of the pendency of the suit, the judgment rendered therein will be conclusive upon the party vouched, as to the amount and right of the plaintiff to recover." Civil Code (1910), § 5821. But by the very terms of this principle it has no application so as to bind the vouchee, unless the defendant in the former suit was entitled to a remedy over against him; and whether he was so entitled is a question not settled by the former judgment. The voucher still has the burden of showing that the vouchee is responsible over to him, and to do this will require allegation and proof of extrinsic matter, unless the record in the former suit may suffice to establish such responsibility.

In the suit of Sanford he alleged by amendment that "the proposed change of beneficiary" was made without his knowledge and consent and was not in compliance with the terms of the policy, not having been made by the request of the insured, and that it was endorsed upon the policy after the insured's death. On the contrary, it was averred in the company's answer in that case that the beneficiary was changed by written request of the insured and by due endorsement upon the policy, so that Bryant became the substi-

tuted beneficiary under the terms of the contract. But the scope of these averments was not such as to bring into question any act of Bryant's such as would render him liable over to the insurer in the event of Sanford's recovery. The judgment in Sanford's favor, based upon the above allegations, had the effect of adjudicating that Sanford remained the true beneficiary under the terms of the policy, but determined no issue as to whether Bryant was guilty of any fraud, deception, or other misconduct by which the company was misled or injured. There was no averment in either case that the papers upon which the company acted were not genuine, although they may have been insufficient to effect a change of beneficiary and to oust Sanford from any claim under the policy. The issue could have related to the effect of the papers, and not to their genuineness, and, so far as appears, the company acted with all the facts before it. Considering all the allegations in both suits, the payment which the company made to Bryant could have been voluntary, and not subject to be recovered back, or it could have been received under such circumstances that Bryant could in equity and good conscience retain it.

Moreover, the company would have no right of action over against Bryant for any act on his part which tended to cause the loss, unless the company was free from any concurrence therein; and since it appears that the policy in question provided that a change in the beneficiary could be made only by the consent of the company duly endorsed upon the policy, and since there is nothing to show any misplaced confidence, or any fraud or deception by the other party, it does not appear that the company's loss should be attributed solely to the conduct of Bryant, but the necessary inference is that its own voluntary action was contributory thereto.

A right of action over may exist by operation of law or ex contractu, but the plaintiff wholly fails to show any facts that would authorize the action under legal principles, and there is no claim of any agreement to indemnify.

We have stated some of the reasons why we think the petition fails to show a proper case of vouching, and, deeming these to be sufficient, we will not further prolong this discussion. There may or may not be other reasons why the defendant can not be held as a vouchee, under the facts appearing; the observations made are not intended to be exhaustive. The law authorizing the practice of

vouching has been the subject of thorough consideration in several cases both by this court and by the Supreme Court, and we could not hope to add anything worth while to what already appears in the published reports. Our conclusion, we think, will be found to be supported by the following cases. *Western & Atlantic R. Co.* v. *Atlanta*, 74 *Ga.* 774 (3, 4) ; *Faith* v. *Atlanta*, 78 *Ga.* 779 (4 S. E. 3) ; *Taylor* v. *Allen*, 131 *Ga.* 416 (62 S. E. 291) ; *Charleston &c. Ry. Co.* v. *Union Warehouse &c. Co.*, 139 *Ga.* 20 (76 S. E. 360) ; *Whitehurst* v. *Mason*, supra; *McArthor* v. *Ogletree*, 4 *Ga. App.* 429 (61 S. E. 859) ; *Byne* v. *Americus*, 6 *Ga. App.* 48 (64 S. E. 285) ; *Raleigh & Gaston R. Co.* v. *Western & Atlantic R. Co.*, 6 *Ga. App.* 616 (65 S. E. 586) ; *Central of Georgia Ry. Co.* v. *Macon Ry. & Light Co.*, 9 *Ga. App.* 628 (71 S. E. 1076).

The court erred in not sustaining the general demurrer and dismissing the petition. It is unnecessary to pass upon the special grounds of the demurrers.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*