## 60598. BECK v. BLACKERBY.

BANKE, Judge.

As the appellant was leaving a mobile home park owned by the appellee late one night, he drove his motorcycle into a pile of asphalt located on the roadway, sustaining serious injuries. He sued, alleging that the collision was caused by the appellee's negligence in failing to maintain the roadway in a safe condition. The appellee, on the other hand, contends that the collision resulted from the appellant's own negligence in failing to avoid an obstruction which was both obvious and known to him. This appeal is from the grant of the appellee's motion for summary judgment.

The appellant testified in his deposition that he had seen the pile of asphalt on previous occasions but that he did not see it on the night in question because in the darkness it blended in with the roadway and because his attention was focused on avoiding various potholes and washouts which also obstructed the road. He admitted that there was a streetlight directly above the pile of asphalt but stated that the asphalt was shaded from it by a bush. *Held:*

Questions of negligence, diligence, contributory negligence, and proximate cause are not to be decided by the court as a matter of law except in plain and indisputable cases, where reasonable minds could not disagree. See *Atlantic Coast Line R. Co. v. Grimes,* 99 Ga. App. 774 (1) (109 SE2d 890) (1959); *Wilks v. Lingle,* 112 Ga. App. 176 (1) (144 SE2d 552) (1965); *Piland v. Meli,* 143 Ga. App. 783, 784 (240 SE2d 193) (1977). The fact that the appellant had seen the pile of asphalt on prior visits to the mobile home park and thus was aware of its location does not demand a finding that his own negligence was the proximate cause of the accident in view of his testimony that his attention was diverted by the potholes. Accord *City of Albany v. Humber,* 101 Ga. App. 276 (7), 281-282 (113 SE2d 635) (1960); *Glover v. City Council of Augusta,* 83 Ga. App. 314 (63 SE2d 422) (1951); *Redding v. Sinclair Refining Co.,* 105 Ga. App. 375 (124 SE2d 688) (1962). See generally 74 ALR2d 950, Contributory Negligence-Forgetfulness. The grant of summary judgment in favor of the appellee is accordingly reversed.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 5, 1980 — DECIDED
OCTOBER 6, 1980.

*Robert H. Baer,* for appellant.
*George M. Rountree,* for appellee.