## 37058. INSILCO CORPORATION v. FIRST NATIONAL BANK OF DALTON.

SMITH, Justice.

We granted certiorari to determine whether the doctrine of promissory estoppel is viable in Georgia. The Court of Appeals held that, since "the defendant's acquiescence in [the plaintiff's] request . . . related to a future time" there was no estoppel and, therefore, the trial court did not err in dismissing Count II of the complaint. *Insilco Corp. v. First Nat. Bank of Dalton,* 156 Ga. App. 382, 383 (274 SE2d 767) (1980). We reverse.

Count II of appellant's complaint alleges the following: On or about November 14, 1975, "James L. Mull and Elizabeth Mull executed to [appellee] a Warranty Deed to secure debt in the amount of $3,924.72 with interest thereon." Thereafter, appellant notified appellee that it was planning to take a second security deed on the property and requested that appellees notify it if the Mulls became seriously behind in their monthly payments on the first security deed and before a foreclosure was commenced. Appellee, "by and through its Vice-president, Branch Manager, agent and employee," agreed in writing to do so. Relying on these promises, appellants accepted a second security deed "as security for delivering building materials and supplies" to the Mulls. The deed secured an indebtedness of $17,382.78. When foreclosure proceedings were instituted by appellee, appellant was not notified. Appellant learned of the proceedings only after the foreclosure sale. The Mulls have since been adjudicated bankrupt, and their debts have been discharged. The promises made by appellee "caused [appellant] to forego a valuable legal right to its detriment." Appellant has been damaged in the amount of $14,304.20.

1. Contrary to appellee's contentions and the holding of the Court of of Appeals, the doctrine of promissory estoppel has been adopted in Georgia. See *General Communication Service v. Ga. Public Service Commission,* 244 Ga. 855, 856 (262 SE2d 96) (1979); *Pethel v. Waters,* 220 Ga. 543, 552 (140 SE2d 252) (1965). We note that existing law was recently reaffirmed by the enactment of Code

Ann. § 20-302.2 (a), which provides: "A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise . . ."

2. "A motion to dismiss a complaint should not be granted for failure to state a claim unless the complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proved in support of the claim." *American Nat. Bank &c. Co. v. Davis,* 241 Ga. 333 (245 SE2d 291) (1978). As the complaint does not show with certainty that appellant is not entitled to relief under the doctrine of promissory estoppel, the judgment is reversed as to Count II.

*Judgment reversed as to Count II. Hill, P. J., Marshall, Clarke and Gregory, JJ., concur. Jordan, C. J., concurs in the judgment only.*

DECIDED OCTOBER 15, 1981.

*Fletcher & Womack, Ronald R. Womack,* for appellant.
*Carlton McCamy,* for appellee.