69342. RAINEY v. CITY OF EAST POINT et al.
69343. LOWE et al. v. RAINEY.
(328 SE2d 567)

Pope, Judge.

These two cases arise from an action by plaintiff Janice Rainey against defendants City of East Point, Willie J. Hines, James A. Lowe, and Ronnie Few for the wrongful death of her husband, Daniel Rainey. Daniel Rainey drowned while swimming in the Randall Street Pool on July 10, 1981. The pool is operated for public use by the City of East Point. At the time of the incident Willie J. Hines, an employee of East Point, supervised the pool as part of his duties as recreation supervisor. Pool hours for the public were from 9:00 a.m. to 8:00 p.m.

Hines was approached by a private group who sought use of the pool after hours for a night swimming party. The group wanted to raise funds to aid Hines in his recreation work. Hines gave permission to the group to use the pool on condition that they obtain sufficient lighting for night swimming, two lifeguards, and sufficient security to prevent people from entering over the fence. The group held the party, charged admission, and operated a concession stand. The prof-

its derived were given to Hines to use in his discretion to aid his recreational efforts. No money ever went into the treasury of East Point. It was at this function that Daniel Rainey died.

Each of the defendants below moved for summary judgment. The trial court granted the motion regarding East Point, but denied the motions regarding the remaining defendants. In case number 69342, Rainey appeals the grant of summary judgment to East Point. In case number 69343, Lowe and Few appeal the denial of their motions for summary judgment. We will consider each in turn.

## Case No. 69342

The trial court granted summary judgment to East Point on the basis of sovereign immunity and that the maintenance of the pool did not constitute a nuisance as claimed by Rainey. The operation of a public swimming pool is a governmental function, and cities are immune from suits in negligence regarding pool operation by the doctrine of governmental or sovereign immunity. *Scott v. City of Millen*, 153 Ga. App. 231 (2) (265 SE2d 30) (1980). However, the Supreme Court held in *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (249 SE2d 224) (1978): "A municipal corporation, like any other individual or private corporation, may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or municipal function." In *City of Bowman v. Gunnells*, 243 Ga. 809 (2) (256 SE2d 782) (1979), the Supreme Court set out three guidelines to define a nuisance for which a city may be held liable. First, the defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. Second, the act must be of some duration. Third, the city must have failed to act within a reasonable time after knowledge of the defect or dangerous condition.

Applying these guidelines to the case at bar, we find that the trial court did not err in granting summary judgment to East Point. The act of a city employee allowing night swimming on the night of July 10, 1981 is but a single act of alleged negligence. Contrary to Rainey's argument, East Point did not operate the pool in a defective condition. When the expense of keeping lights in the pool in repair became too burdensome, the City ceased operating the pool at night. The record shows that East Point operated the pool in compliance with county regulations as a day pool from 1975 to the date of this incident. The only exception of record is a single instance in 1978 when a private night party such as the one in this case was permitted. Lights were installed for night swimming on that occasion. Therefore, the operation of the pool on the night of July 10, 1981 was clearly not a nuisance within the guidelines set out in *Gunnells*, supra, and the

grant of summary judgment to East Point was not in error.

*Case No. 69343*

Defendants Lowe and Few argue that the trial court erred in denying their motions for summary judgment because there is no issue of material fact that Daniel Rainey assumed the risk of swimming while in an impaired condition. The record shows a blood alcohol test taken after Daniel Rainey's death measured 0.25 grams percent. The record also shows that Daniel Rainey was an epileptic who regularly took Dilantin, an anti-seizure medication. The record shows he was aware that it was dangerous to mix alcohol with the medication. Plaintiff Janice Rainey adduced an affidavit to the effect that on the night of July 10, 1981 no one manned the lifeguard chairs or patrolled the pool area; that Lowe and Few, the organizers of the party, and who undertook lifeguard duties, were instead dancing and consuming alcoholic beverages. There is evidence in the record that notwithstanding the advice of doctors, plaintiff's decedent regularly consumed alcohol while taking his anti-seizure medication, yet had suffered no seizures as a result of that combination.

" 'The defense of assumption of risk presupposes (1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom, and (3) that he voluntarily exposed himself to such risk.' " *Abee v. Stone Mtn. Memorial Assn.*, 169 Ga. App. 167, 169 (312 SE2d 142) (1983). " 'Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication . . . but must be resolved by a trial in the ordinary manner.' [Cits.]" *Clements v. Long*, 167 Ga. App. 11, 12-13 (305 SE2d 830) (1983). From the record presented, we cannot say that the issue of assumption of risk is plain and palpable upon these facts. Therefore, it follows that the trial court did not err in denying Lowe's and Few's motions for summary judgment.

*Judgments affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 4, 1985 —
REHEARING DENIED MARCH 15, 1985 —

*William T. Payne*, for appellant (case no. 69342).
*Arthur H. Glaser, G. Randall Moody*, for appellees.
*Wade K. Copeland, William E. Zschunke, Alan F. Herman*, for appellants (case no 69343).