## 71596. GENERAL TELEPHONE COMPANY OF THE SOUTHEAST v. HIERS.
(345 SE2d 652)

BEASLEY, Judge.

Plaintiff-appellee Mrs. Hiers filed the present action alleging that defendant-appellant telephone company negligently caused her husband's death by not restoring home telephone service as requested. She contends that her inability to immediately call for medical attention was the proximate cause of her husband's death.

Defendant moved for summary judgment which was denied, and we granted defendant's application for interlocutory review.

On December 28, 1983 Mrs. Hiers contacted defendant to arrange pre-wiring of telephone service for a newly purchased home, explaining that her husband had a heart condition and that they needed a phone at all times. She was assured phone service would be main-

tained at their current residence until their move in late January, at which time service would be initiated at the new home. On January 6, contrary to its assurances and Mrs. Hiers' instructions, defendant discontinued the phone service at the current residence and connected service at the new home. Mrs. Hiers complained, emphasizing the necessity of phone service in their current residence and requesting that it be restored. Despite several requests to this effect, and assurances by defendant that service would be restored, it was not.

Mr. and Mrs. Hiers continued to live in the old home. On January 13 Mr. Hiers was hospitalized. After his discharge from the hospital nearly a week later, his wife brought him back to the old home, aware that there was still no telephone service. His next medical appointment was January 26. On the evening of January 25, Mr. Hiers complained of stomach pains but begged his wife not to go for help. Several hours later, with Mr. Hiers in increasing pain, Mrs. Hiers drove to her son's residence for help. Upon their return in just minutes, Mr. Hiers had died.

For purposes of this appeal, defendant admits its actions were prima facie negligent.

1. Defendant's first enumeration of error, regarding Mrs. Hiers' failure to comply with the requirements of the General Subscriber Services Tariff, is deemed abandoned for failure to support it by citation of authority or argument in the brief. Court of Appeals Rule 15 (c) (2). The reason it was not pursued may be that defendant nearly concedes that *State Farm Fire &c. Co. v. Southern Bell Tel. &c. Co.*, 245 Ga. 5, 8 (262 SE2d 895) (1980), adversely controls. It does.

2. Defendant next asserts that the trial court erred in denying its motion for summary judgment because as a matter of law plaintiff is barred from recovery under the doctrine of assumption of risk. OCGA § 51-11-7 provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."

" ' "The general rule is that where one voluntarily and knowingly takes a risk involving imminent danger he is precluded from recovery by reason of another's negligence." . . . [Cit.]' " *Woolbright v. 6 Flags Over Ga.*, 172 Ga. App. 41 (1) (321 SE2d 787) (1984). The defense of assumption of risk requires: " '(1) that the plaintiff had some actual knowledge of the danger; (2) that he understood and appreciated the risk therefrom, and (3) that he voluntarily exposed himself to such risk.' " *Rainey v. City of East Point*, 173 Ga. App. 893, 895 (328 SE2d 567) (1985). Stated another way: " '(T)he doctrine of the assumption of the risk of danger applies only where the plaintiff, with a full appreciation of the danger involved and without restriction from his *freedom of choice either by the circumstances or by coercion*, deliberately chooses an obviously perilous course of conduct so that it can be

said as a matter of law he has assumed all risk of injury.' *Myers v. Boleman*, 151 Ga. App. 506, 509 (260 SE2d 359)." *Haynes v. Hoffman*, 164 Ga. App. 236, 237 (296 SE2d 216) (1982). The Supreme Court incorporated the meaning ascribed by Prosser: " 'In its simplest and primary sense, assumption of risk means that the plaintiff, in advance, has given his consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone.' Prosser, Law of Torts (4th ed.) p. 440. 'In by far the greater number of cases, the consent to assume the risk has not been a matter of express agreement, but has been found to be implied from the conduct of the plaintiff under the circumstances,' Prosser, supra, at 445; see Harper and James, Law of Torts, Vol. 2, Ch. XXI." *Osburn v. Pilgrim*, 246 Ga. 688, 695 (273 SE2d 118) (1980).

" ' "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of summary adjudication . . . but must be resolved by a trial in the ordinary manner." (Cits.)' [Cit.]," except where the facts are so plain and palpable that they demand a finding by the court as a matter of law. *Rainey*, supra at 895; *Beck v. Blackerby*, 156 Ga. App. 15 (274 SE2d 68) (1980).

Here, the record reflects that Mrs. Hiers was fully aware telephone service had not been restored, that it was not being restored despite various assurances by defendant that it would be, and that there was great risk in living in a home without phone service in light of her husband's poor health (not being able to call immediately for medical aid). Yet she chose to remain with the hope that service would be continued, or that the new house equipped with phone service would soon be ready for occupancy. In fact, when asked in deposition if she was concerned about bringing her husband home from the hospital to a house with no telephone, Mrs. Hiers admitted, "Well, the kids were . . . within minutes . . . , four of them were right there . . . I could get to Donald in four minutes, three or four minutes; . . . I could get to any of them's in just a matter of minutes . . . And like I say, everyday they were working their hardest to finish the house so we could move in see to get there."

Despite construing the evidence most strongly against defendant as movant, and giving the benefit of all reasonable doubts and favorable inferences to Mrs. Hiers as the party opposing the motion, the evidence is plain and palpable that plaintiff assumed the risk of living in a home without phone service and is therefore precluded from recovery as a matter of law. Remaining in the home with no phone and no accommodating alternate was not compelled so as not

to be voluntary. See *Yankey v. Battle*, 122 Ga. App. 275 (176 SE2d 714) (1970). The Hierses knew precisely the nature of Mr. Hiers' medical condition and its active state and had the power to make arrangements to substitute for lack of phone service for the period before their planned move to the new home the last weekend of January. The jury under the circumstances here could not find that the conduct in question of the plaintiff and her husband met "the standard of the reasonable man." See *Kitchens v. Winter Co. Bldrs.*, 161 Ga. App. 701, 702 (289 SE2d 807) (1982). We do not regard this case as involving comparative negligence. Cf. *Stukes v. Trowell*, 119 Ga. App. 651 (168 SE2d 616) (1969).

3. The remaining enumeration is moot.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 15, 1986.

*Hoyt H. Whelchel, Jr.*, for appellant.
*Michael Bozeman, R. Bruce Warren*, for appellee.