## 72392. MEWBORN v. WINN-DIXIE STORES, INC.
### (346 SE2d 95)

BANKE, Chief Judge.

Virginia Mewborn brought this action to recover damages for injuries she allegedly sustained as the result of a fall which occurred at the defendant's store. This appeal follows the grant of the defendant's motion for summary judgment.

The plaintiff fell when she slipped or tripped on a round disc of the type used by store personnel to separate layers of canned goods stacked for floor displays. Although she had seen this disc on the floor a few minutes earlier while shopping on the same aisle, she had forgotten about it by the time of the accident. In his deposition, the defendant's manager denied any knowledge concerning the hazard. *Held*:

"The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. . . . [N]ot only must the plaintiff show that the defendant had knowledge of the presence [of the hazard], *but the plaintiff must also show that he was without knowledge of its presence.*" *Alterman Foods v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980). (Emphasis supplied.) Thus, recovery is allowed only when the peril is known to the owner and not to the person injured. See *Sears, Roebuck & Co. v. Reid*, 132 Ga. App. 136, 138 (207 SE2d 532) (1974). See also *Backer v. Pizza Inn*, 162 Ga. App. 682 (292 SE2d 562) (1982); *Pound v. Augusta Nat.*, 158 Ga. App. 166 (279 SE2d 342) (1981).

Because the evidence is uncontroverted that plaintiff knew of the presence of the disc on the floor, we affirm the trial court's grant of summary judgment to the defendant.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 4, 1986.

*Charles F. Reeves*, for appellant.

*W. Wray Eckl, Georgia L. Schley*, for appellee.