## 72754. FOLKS, INC. v. DOBBS.
(352 SE2d 212)

BEASLEY, Judge.

We granted defendant's application for interlocutory review of the trial court's denial of its motion for summary judgment in this slip and fall case.

Plaintiff was injured one evening when, upon exiting defendant restaurant's take-out door with her two stacked boxes and bag, she fell down a concrete step leading to the asphalt pavement. She had walked up the step when she entered the premises through the same door. She filed suit against defendant alleging negligence, contending that the step was inadequate, the outside lighting was insufficient, the exit area was overcrowded making it difficult to exit safely, the take-out boxes she was given were so large that it was difficult to see beyond them to safely exit, and defendant's employees delayed in aiding

her after the fall. The latter allegation was abandoned in the brief on appeal. Plaintiff also alleges a breach of contract claim for defendant's failure to pay her medical expenses as promised by its assistant manager.

1. Negligence. As repeated and applied in *White v. Fred F. French Mgt. Co.*, 177 Ga. App. 661-662 (340 SE2d 276) (1986), in order for plaintiff to recover, two elements must exist: "(1) fault on the part of the owner, and (2) ignorance of the danger on the part of the invitee, [Cit.] [Cit.] The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known condition. Under the conditions here set out, a person acting in the exercise of ordinary care for his own safety should have been aware that such a hazard to walking [down a step] . . . would be likely to exist, and should have accordingly exercised ordinary care to avoid it . . . Her means of knowledge being equal with that of [defendant], it follows that [she] has failed to show a right of recovery based upon the acts of negligence alleged. [Cit.] [Cit.]"

While the fact that plaintiff had entered the restaurant using the same step on which she was later injured upon exiting may not in and of itself be sufficient to prove equal knowledge of the danger, *Robinson v. Western Intl. Hotels*, 170 Ga. App. 812, 814 (318 SE2d 235) (1984), plaintiff here was at least as knowledgeable as defendant of the danger as well as of the conditions in which it existed. Assuming an outside step *is* a danger or hazard, plaintiff admitted noticing that it was dark out, both at the time of entering and exiting the restaurant, and that upon exiting, there was no bright light on outside. She was aware of the crowd assembled near the door and of the difficulty in "maneuvering." She also stated that while inside the restaurant her eyes had adjusted to the bright light, but that when she "stepped out the take-out door, my eyes had not adjusted to the darkness outside," yet she proceeded anyway. She further admitted that when she stepped out of the door, she could not see the step because she was carrying the boxes in front of her and did not look down. Her foot caught only halfway on the step and she fell.

" ' "Issues of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are ordinarily not susceptible of *summary* adjudication . . . but must be resolved by a trial in the ordinary manner." (Cits.)' [Cit.]" except where the facts are so plain and palpable that they demand a finding by the court as a matter of law. *Rainey v.*

*City of East Point*, 173 Ga. App. 893, 895 (328 SE2d 567) (1985); *Beck v. Blackerby*, 156 Ga. App. 15 (274 SE2d 68) (1980).

We construe the evidence most strongly against defendant as movant and give the benefit of all reasonable doubts and favorable inferences to plaintiff as the party opposing the motion. *Lorie v. Standard Oil Co.*, 175 Ga. App. 308 (333 SE2d 110) (1985). Yet the facts plainly and palpably show that plaintiff, having as much knowledge as the proprietor did of the step as a hazard, assumed the risks and dangers of walking down a step with her arms full and without looking down to guide her foot. Thus, even assuming the truth of her four specific allegations of negligence, she is thereby precluded from recovering in negligence as a matter of law. *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237) (1985); *Backer v. Pizza Inn*, 162 Ga. App. 682 (292 SE2d 562) (1982). See also the recent slip and fall summary judgment cases of *Garnett v. Mathison*, 179 Ga. App. 242 (345 SE2d 919) (1986), and *Mewborn v. Winn-Dixie Stores*, 179 Ga. App. 284 (346 SE2d 95) (1986).

Accordingly, the trial court erred in denying defendant's motion for summary judgment as to the negligence claim.

2. Breach of Contract. Plaintiff alleges that defendant's manager in the presence of other customers told her to seek hospital care and that defendant would pay the expenses. He gave her a paper with his name and the restaurant's phone number on it. As a result of this promise, plaintiff argues, she sought medical treatment and incurred $2,952.51 in expenses which defendant refused to reimburse.

Appellant relies on cases decided on the basis of former Code § 20-302 which focused on the benefit to promisor, injury to promisee notion of consideration. From that base, appellant argues that there was no valid consideration for the promise.

The law in Georgia concerning consideration was substantially changed in 1981, and Code § 20-302 was stricken. Ga. L. 1981, p. 876. Substituted was a whole new section plus two additional sections; the three are now OCGA §§ 13-3-42 through 13-3-44. The first, OCGA § 13-3-42 was taken almost verbatim from Restatement, Contracts 2d, § 71. Old Code § 20-302 was not retained, and it was actually rather explicitly rejected by the adoption of most of Restatement, Contracts 2d, § 79. It is now OCGA § 13-3-43, which eliminates the benefit to promisor, injury to promisee concept of consideration if the requirement of consideration is otherwise met.

OCGA § 13-3-44 is a verbatim adoption of Restatement Contracts 2d, § 90, which is one of the provisions for contracts enforceable without consideration. This section, as the Restatement points out, "is often referred to in terms of 'promissory estoppel.' " It is relied upon by appellee here.

The Supreme Court cited this code section, as well as cases pre-

ceding the codification of it, to make clear that the doctrine of promissory estoppel is recognized in Georgia. *Insilco Corp. v. First Nat. Bank*, 248 Ga. 322 (1) (283 SE2d 262) (1981).

Although the Restatement embraces promissory estoppel under the provisions for contracts enforceable without consideration, Georgia views it as a doctrine wherein consideration is supplied by the *reliance* of the promisee on the promise of another. See *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701, 702 (331 SE2d 75) (1985).

With this in mind, we conclude that the trial court did not err in denying defendant's motion for summary judgment on this claim. There is some evidence of plaintiff's reliance by the incurring of medical expenses. Whether the promise acted as a catalyst inducing her to incur these expenses, and whether such reliance was reasonable under the circumstances, are questions for the jury.

Defendant would argue that what the manager did and said was a mere unenforceable gratuity. Even if defendant wishes us to consider the matter in terms of the traditional benefit-to-promisor/loss-to-promisee concepts, there was evidence of benefit to defendant in the form of good public relations engendered by the manager's making the promise in the presence of other customers. As recognized in *Collins v. Gwinnett Bank &c. Co.*, 149 Ga. App. 658 (255 SE2d 122) (1979), good name is a cognizable thing of value.

*Judgment affirmed in part and reversed in part. Deen, P. J., Birdsong, P. J., Sognier and Pope, JJ., concur. Banke, C. J., McMurray, P. J., Carley and Benham, JJ., concur in part and dissent in part.*

BENHAM, Judge, concurring in part and dissenting in part.

Although I agree fully with the holding in the second division of the majority opinion, I cannot join in the holding of the first division and must, therefore, dissent to that portion of the decision.

As noted by the majority, questions of negligence, assumption of the risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, and comparative negligence are for the jury except when the facts are so plain and palpable that they demand a finding as a matter of law. *Rainey v. City of East Point*, 173 Ga. App. 893 (328 SE2d 567) (1985). The majority also gives lip service to the principle that the party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts and favorable inferences (*Lorie v. Standard Oil Co.*, 175 Ga. App. 308 (333 SE2d 110) (1985)), but then leaps to the support of the movant's position with an alacrity which evidences a distrust of the jury system.

The cases on which the majority relies are sufficiently different

on their facts that they are not authority for the proposition that the facts in this case are so plain and palpable as to demand a finding for appellant as a matter of law. In *Westall v. M & M Supermarkets*, 174 Ga. App. 155 (329 SE2d 237) (1985), the plaintiff had made "numerous prior visits" to the defendant's premises, and there is no mention of any distraction or any difference between conditions at the time she fell and the other times she had visited the premises. The plaintiff in *Backer v. Pizza Inn*, 162 Ga. App. 682 (292 SE2d 562) (1982), tripped over a railroad tie under circumstances that were unchanged from the time he successfully stepped over it on his way into the defendant's restaurant. In *Garnett v. Mathison*, 179 Ga. App. 242 (345 SE2d 919) (1986), the plaintiff had been to the defendant's premises "a number of times," and the fall occurred on a bright day. The plaintiff in *Mewborn v. Winn-Dixie Stores*, 179 Ga. App. 284 (346 SE2d 95) (1986), saw the object on which she slipped, but by the time she stepped on it, she had "forgotten about it . . . ."

The situation in the present case is factually distinguishable from those cited above. Appellee testified that she had been to appellant's business before, but had never entered or exited through the door she used on the night she was injured. As she entered the building, it was not apparent to her that the lighting was not sufficient, because the entrance was illuminated by the headlights of a car; when she exited, the car was not there and there was no light. Another condition of the premises had also changed between her arrival and departure: the restaurant had become crowded while she was inside and she had to make her way through a crowd to exit.

Appellee's situation is similar to that of the plaintiff's in *Robinson v. Western Intl. Hotels*, 170 Ga. App. 812 (318 SE2d 235) (1984). Appellee "did not fall while simply traversing the area [of the entrance] in exactly the same manner as [she] had previously done. [She] had previously [mounted the step] and stepped *into* the [restaurant]. [She] fell while attempting to *exit* the [restaurant]." Id. at 815. Another case in which the situation of the plaintiff was more similar to that of the plaintiff here than were the situations in the cases cited by the majority is *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (263 SE2d 171) (1979). There, the defendant had created a situation in which the plaintiff's attention was distracted from the hazard at her feet. Here, appellant permitted the area where appellee fell to become so congested with other customers that appellee, burdened with packages prepared and handed to her by appellant, was distracted by the necessity of negotiating her way through a crowd.

My conclusion, after considering appellee's sworn statements concerning the circumstances of her injury, is that the evidence does not require the conclusion that appellee had knowledge equal to ap-

pellant's of the hazards associated with attempting to leave appellant's restaurant. Here, the plaintiff was confronted with a situation created by the defendant, which limited her choices. So far as the record reveals, appellee had the choice of attempting to traverse the exit from appellant's restaurant when and as she did, or making several trips through the same hazardous terrain, or waiting in appellant's restaurant until the congestion abated and the lighting outside improved. Here, as there, the question of whether appellee's conduct was reasonable under the circumstances is for the jury.

Since the evidence of record does not demand a judgment for appellant as a matter of law, I would affirm the trial court's denial of appellant's motion for summary judgment.

I am authorized to state that Chief Judge Banke and Judge Carley join in this opinion.

DECIDED DECEMBER 5, 1986 —
REHEARING DENIED DECEMBER 18, 1986 — ■

*Sue K. A. Nichols, Glenn Frick*, for appellant.
*Robert M. Goldberg*, for appellee.