## 77372. MIOLEN v. EDD KIRBY CHEVROLET, INC.
(375 SE2d 266)

BANKE, Presiding Judge.

The appellant sued to recover for injuries allegedly sustained as the result of a fall which occurred on the premises of an automobile dealership owned by the appellee. He appeals the grant of the appellee's motion for summary judgment.

The appellant was present upon the premises for the purpose of renting an automobile. While in the process of completing that transaction, he was told by one of the appellee's employees to see another employee whose office was located at the top of a flight of stairs. The appellant ascended the stairs without incident but slipped and fell upon descending them several minutes later, allegedly because they were not adequately illuminated. The stairway was equipped with an overhead lighting fixture, but according to appellant, it was not turned on at the time. The appellant concedes that the lighting conditions had not changed between the time he climbed the stairs and the time he fell. He does not allege any defect in the design or structure of the staircase itself. *Held*:

" 'The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. . . . (N)ot only must the plaintiff show that the defendant had knowledge of the presence [of the hazard], *but the plaintiff must also show that he was without knowledge of its presence.*' *Alterman Foods v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980). (Emphasis supplied.) Thus, recovery is allowed only when the peril is known to the owner and not to the person injured. [Cits.]" *Mewborn v. Winn-Dixie Stores*, 179 Ga. App. 284 (346 SE2d 95) (1986).

Because the appellant was concededly aware of the lighting conditions existing on the stairway and because there is no allegation that there was any other factor which contributed to his fall, we affirm the trial court's grant of summary judgment to the appellee.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 31, 1988 —
REHEARING DENIED NOVEMBER 15, 1988 —

*Claire Chason, F. Gregory Melton*, for appellant.
*Leitner, Warner, Owens, Moffitt, Williams & Dooley, George W. Carpenter, G. David Allen, Jr.*, for appellee.