## A89A0161. WHITEHEAD v. WHITEHEAD.

(381 SE2d 757)

SOGNIER, Judge.

Carolyn P. Whitehead, executrix of the estate of Nettie Louise Whitehead, brought this declaratory judgment action against Bertie R. Whitehead, executrix of the estate of Robert P. Whitehead, and Metropolitan Life Insurance Company to establish entitlement to the proceeds of a life insurance policy on the life of Robert Whitehead. The trial court dismissed Metropolitan Life from the action after it

paid the proceeds of the policy into the registry of the court. Carolyn Whitehead appeals from the trial court's ruling that Robert Whitehead's estate is entitled to the insurance proceeds.

The record in this action, which consists primarily of a stipulation of facts filed by the parties, reveals that Robert and Nettie Whitehead were divorced in 1961. The final judgment entered in their divorce action required Mr. Whitehead to "keep [in] force and effect by keeping all the premiums paid on the following insurance policies and . . . continue to keep [Nettie Whitehead] named as beneficiary on each of the following policies: Prudential Insurance Company, $10,000 policy, . . . [t]his being a part of [Nettie Whitehead's] permanent alimony award." Nettie Whitehead had been named as the beneficiary on the Prudential policy in 1957. Before Mr. Whitehead retired from his employment with the City of Atlanta, the City's group life insurance carrier was changed from Prudential to Metropolitan Life, and Metropolitan Life assumed coverage on the policy delineated in the divorce decree. At some point after his retirement, Mr. Whitehead changed the beneficiary on this life insurance policy from Nettie Whitehead to his estate. Robert Whitehead married appellee in 1962, and was married to her at his death in 1983. Nettie Whitehead, who never remarried, died in 1986.

Appellant contends the trial court erred by concluding Nettie Whitehead had no property interest in the successor Metropolitan Life policy. We agree and reverse, as we find this case to be controlled by the analysis in *Curtis v. Curtis*, 243 Ga. 611 (255 SE2d 693) (1979). In *Curtis*, the divorce decree required the husband to name his children as beneficiaries on the life insurance policy issued by his employer. After the employer changed carriers, the husband substituted his mother as the beneficiary. The Supreme Court ruled that, under *Reeves v. Reeves*, 236 Ga. 209 (223 SE2d 112) (1976), the children obtained a vested interest in the proceeds of the life insurance policy named in the divorce decree, and "where a policy of life insurance replaces a policy or amount specified in [a divorce decree], the minors' interest in the prior policy applies to the replacement policy." *Curtis*, supra at 613. The court distinguished *Larson v. Larson*, 226 Ga. 209 (173 SE2d 700) (1970), relied upon by appellee in the case sub judice, on the ground that in *Larson* the husband's employer had cancelled the group life insurance without obtaining a successor insurer, and the husband then acquired another policy on his own. Accordingly, we find appellant's decedent had a vested interest in the proceeds of the Prudential policy listed in the divorce judgment, and that interest applied to the successor policy issued by Metropolitan Life.

The cases cited by appellee as authority for the proposition that the divorce decree was void ab initio do not support that argument.

Nor do we agree with appellee that Robert Whitehead's obligations under the decree had terminated, as the judgment provided alimony was to be paid "until [Robert Whitehead] reaches the age of sixty-five, *and* until [Nettie Whitehead] remarries, *and* until such time that [Robert Whitehead] is retired by the City of Atlanta," (emphasis supplied), and there is no dispute that the second of these three requirements was never met.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 14, 1989.

*George L. Barron, Jr.,* for appellant.
*H. Martin Huddleston,* for appellee.