A05A1228. McREYNOLDS v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.

(624 SE2d 218)

BERNES, Judge.

Carolyn McReynolds appeals from the trial court's order granting summary judgment to The Prudential Insurance Company of America on her claim for the proceeds of a life insurance policy. She contends that the trial court erred because she has legally cognizable claims against Prudential for promissory estoppel and breach of the duty to investigate. She further argues that the trial court misapplied Georgia precedent relating to a divorcee's duty under a divorce decree to maintain a life insurance policy designating his or her former spouse as the beneficiary. For the reasons set forth below, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in this light, the evidence reflects that Carolyn and Larry S. McReynolds were divorced on July 19, 1994. The divorce decree incorporated a settlement agreement which provided in part:

> For as long as husband contributes to the wife's support, or until husband reaches the age of sixty-five (65) or retires, whichever is the first to occur, husband shall keep and maintain on his life, and shall make wife beneficiary of the following life insurance policies: Prudential Life Insurance Company life insurance policy in the amount of $250,000, the same being [P]olicy [N]umber R5 013 675 [(the "original policy")].[1]

---

[1] The original policy was issued by Pruco Life Insurance Company, a subsidiary of Prudential.

On April 21, 1995, Carolyn McReynolds wrote Prudential to notify it of her rights under the settlement agreement to the $250,000 policy of insurance on Mr. McReynolds' life, as well as to request copies of all future correspondence and notice of attempts to cancel or to change the beneficiary under the policy. She further requested a response from Prudential to confirm that her requests would be honored. However, on May 22, 1995, Frank Huggins of Prudential responded to Carolyn McReynolds' letter by stating that "[i]t might be more convenient for you to call us annually to inquire as to the status of the policy." In a further reply on July 5, 1995, Melissa Brings of Prudential stated that, "Our computer records have been signaled to indicate that the terms of the Decree will be considered before we allow any action under the contract" and that they had arranged to send "duplicate premium notices and overdue notices" to Carolyn McReynolds.[2]

In November 1995, the original insurance policy was cancelled by Prudential on the grounds that the outstanding loan balance on the policy equaled its cash reserve. On June 4, 1996 Mr. McReynolds purchased Prudential Policy No. 77-816-022 (the "new policy"), a term policy of life insurance which named Carolyn McReynolds as primary beneficiary.

Mr. McReynolds was hospitalized and diagnosed with a brain tumor on March 10, 2000. Mr. McReynolds married appellee Vikki McReynolds on April 1, 2000, and on April 30, 2000, he changed the primary beneficiary on the new policy from Carolyn McReynolds to his sons, Stephen and Michael McReynolds. Thereafter, in July 2000, Mr. McReynolds changed the beneficiaries on the new policy again to name Vikki McReynolds as the primary beneficiary and his sons as the contingent beneficiaries. Mr. McReynolds died on December 31, 2000.

By letter dated January 19, 2001, Carolyn McReynolds notified Prudential's Life Claims Department that she was making a claim against all Prudential policies held by Mr. McReynolds. The letter further stated that "[t]his letter serves as notification to Prudential NOT to pay out on any other policy until you have received a court

---

[2] Thus, the uncontroverted evidence of record shows that while Prudential agreed to send duplicate premium notices and overdue notices to Carolyn McReynolds, Prudential made no express promise to notify her more generally of the status of, or of all changes to, the life insurance policy. Furthermore, although the divorce settlement agreement indicated that Mr. McReynolds was required to send a letter to Prudential notifying it of his obligation to carry the insurance under the terms of the divorce decree and that "in the event there are any changes in said policies, said insurance carrier(s) shall notify Wife to that effect," the settlement agreement provision merely shows an agreement between Mr. McReynolds and Carolyn McReynolds. Prudential was not a party to the agreement, did not agree to its terms, and was not contractually bound by it.

order notifying you to whom is the correct beneficiary." On January 30, 2001, Prudential issued two checks to Vikki McReynolds in the amounts of $83,506.52[3] and $250,000 as the proceeds of Mr. McReynolds' life insurance policies with the company.

Thereafter, Carolyn McReynolds brought the instant lawsuit against Prudential and Vikki McReynolds in her individual capacity and in her capacity as executrix of the estate of Larry McReynolds. She sought recovery against Prudential for its alleged wrongful payment of the proceeds from the new policy to Vikki McReynolds. She asserted two theories for her right to recover against Prudential: (1) promissory estoppel and (2) breach of the insurer's duty to investigate to determine who was the correct beneficiary under the new policy.

Prudential timely answered and moved for summary judgment. The trial court granted Prudential's motion, and Carolyn McReynolds now appeals.

1. Carolyn McReynolds contends that jury questions remain foreclosing summary judgment for Prudential on her promissory estoppel claim. We disagree.

Under the promissory estoppel doctrine, codified at OCGA § 13-3-44 (a), "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Therefore,

> [t]he essential elements of promissory estoppel are: (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.

*Rental Equip. Group v. MACI, LLC*, 263 Ga. App. 155, 157 (1) (b) (587 SE2d 364) (2003).

---

[3] Mr. McReynolds maintained another life insurance policy with Prudential under No. 39-054-839 for $75,000. Under that separate policy, Carolyn McReynolds continued to be named as the beneficiary. As such, on February 7, 2001, Prudential's agents noted that the payment to Vikki McReynolds under that policy was erroneous. Vikki McReynolds also admitted that she was not entitled to the $83,506.52 paid to her under that policy, and she agreed to return those funds to Prudential.

(a) Carolyn McReynolds first argues that she has a viable claim of promissory estoppel predicated on Prudential's alleged promise "to consider" the divorce decree before taking any action, including paying proceeds, on the policy. Specifically, she claims that Prudential made a promise in its letter dated July 5, 1995 stating that "the Decree of Dissolution . . . has been filed with the policy records . . . [and] [o]ur computer records have been signaled to indicate that the terms of the Decree will be *considered* before we allow any action under the contract." (Emphasis supplied.) She contends that she relied on this promise to her detriment by assuming that she was still the beneficiary under the policy at the time of Mr. McReynolds' death.

We conclude that, as a matter of law, Prudential could not have reasonably expected that Carolyn McReynolds would rely on the alleged promise, and so the promise cannot serve as the basis for a legally cognizable promissory estoppel claim. When Prudential stated that it would "consider" the terms of the divorce decree, it was not committing itself to allowing or disallowing any particular action with regard to the life insurance policy. When a party agrees to "consider" an issue, that party retains "the option to change" how he will ultimately come down on the issue, since he has agreed to do nothing more than "think about [the issue] seriously." Webster's II New College Dictionary, p. 246 (3rd ed. 2005). See also *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 198 (2) (450 SE2d 427) (1994), quoting Restatement (Second) of Contracts § 2, Comment (e).

For this reason, Carolyn McReynolds was not entitled to rely upon Prudential's alleged promise as the basis for her assumption that she remained the named beneficiary on the policy. No such assumption was warranted, since Prudential never manifested an intention "to act or refrain from acting in a specified way" with regard to whom Mr. McReynolds could name as a beneficiary under the policy. *Kemira, Inc.*, 215 Ga. App. at 198 (2), quoting Restatement (Second) of Contracts § 2 (1). See also *Northern Trust Co. v. VIII South Michigan Assoc.*, 657 NE2d 1095, 1105 (Ill. Ct. App. 1995) ("The Guarantors allege that Northern informed the Guarantors that it 'would consider' extending the . . . loan when it became due and because of this promise, they declined financing from a different institution. Northern's statement, however, is insufficient to justify reliance on the part of the Guarantors."). Accordingly, Carolyn McReynolds' promissory estoppel claim fails as a matter of law. See *Tampa Bay Financial v. Nordeen*, 272 Ga. App. 529, 532-533 (2) (612 SE2d 856) (2005) (reasonable reliance is necessary element of promissory estoppel claim).

(b) Carolyn McReynolds also argues that she has a viable promissory estoppel claim based on Prudential's alleged failure to keep its

promise to send her duplicate premium notices and overdue notices issued on the original insurance policy. As an initial matter, we note that Carolyn McReynolds has procedurally waived her right to make this argument by raising it for the first time in her reply brief. See *Currid v. DeKalb State Court Probation Dept.*, 274 Ga. App. 704, 707 (1), n. 8 (618 SE2d 621) (2005) (refusing to consider legal and factual arguments raised for first time in reply brief by summary judgment nonmovant). See also *Price v. Dept. of Transp.*, 214 Ga. App. 85, 88 (1), n. 2 (446 SE2d 749) (1994).

In any event, we conclude that the promissory estoppel claim fails on the substantive merits. As a matter of law, Carolyn McReynolds cannot demonstrate that she reasonably relied on Prudential's promise to provide her with premium and overdue notices as the basis for keeping her informed as to whether there had been *a change in beneficiary* in the insurance policy. Put another way, Prudential could not have reasonably expected that, based on its promise to provide Carolyn McReynolds with premium and overdue notices, she would forbear from taking any future steps to determine whether she remained the designated beneficiary of the policy. See generally *Gerdes v. Russell Rowe Communications*, 232 Ga. App. 534, 536 (2) (502 SE2d 352) (1998); *W. R. Grace & Co.-Conn. v. Taco Tico Acquisition Corp.*, 216 Ga. App. 423, 426 (1) (454 SE2d 789) (1995). Indeed, Prudential specifically had advised her that "[i]t might be more convenient for you to call us annually to inquire as to the status of the policy," thereby placing the onus on her to periodically inquire about any changes made to the policy other than those caused by a failure to pay premiums. Thus, reasonable reliance could not be established, justifying the grant of summary judgment on Carolyn McReynolds' promissory estoppel claim. See *Tampa Bay Financial*, 272 Ga. App. at 532-533 (2).[4]

2. Carolyn McReynolds also contends that jury questions remain that preclude summary judgment on her claim against Prudential for breach of its alleged duty owed to her to investigate the conflicting

---

[4] Carolyn McReynolds' reliance on *Insilco Corp. v. First Nat. Bank of Dalton*, 248 Ga. 322 (283 SE2d 262) (1981) is misplaced. In that case, the defendant agreed to "notify" the plaintiff, who was a second mortgage holder, if any serious delinquencies arose in the mortgagees' payments on the first mortgage before any foreclosure was commenced. Id. The defendant failed to do so, and the plaintiff learned of the delinquency only after a foreclosure sale already had occurred and its rights in the property had been lost. Id. No similar promise was made by Prudential in this case. As explained above, Prudential promised merely to "consider" the divorce decree and to provide duplicate premium notices and overdue notices. There was no promise by Prudential to notify Carolyn McReynolds more generally of any changes in the insurance policy. Furthermore, in contrast to the plaintiff in *Insilco Corp.*, Carolyn McReynolds cannot establish reasonable reliance on the promises that were made.

claims to the insurance policy proceeds before paying out the proceeds. We disagree. "An insurance company that has had no business dealings with a third party to the insurance policy owes no duty to that party to investigate the accuracy of the policy's designations." (Footnote omitted.) *Lee v. American Central Ins. Co.*, 241 Ga. App. 650, 651-652 (2) (530 SE2d 727) (1999).[5] Prudential's business relationship was with Mr. McReynolds, not with Carolyn McReynolds. Thus, Prudential did not have an independent duty owed to Carolyn McReynolds to investigate whether Vikki McReynolds was accurately and properly designated as the beneficiary under the new policy purchased by Mr. McReynolds. See id. While Carolyn McReynolds may have other viable causes of action not at issue here,[6] she did not have a legally cognizable claim against Prudential for breach of the duty to investigate. For this reason, the trial court did not err in granting summary judgment to Prudential on this claim.

3. In another enumeration of error, Carolyn McReynolds contends that "[t]he trial court erred in granting summary judgment because it misapplied the precedents as to a person's duty under a divorce decree to maintain a life insurance policy designating a former spouse as the beneficiary of the policy's death benefits." In this regard, she contends that the trial court improperly relied upon case law relating to constructive trusts and "replacement" insurance policies in granting summary judgment on her claims for promissory estoppel and breach of the duty to investigate. However, we already have held that both of Carolyn McReynolds' causes of action asserted against Prudential fail as a matter of law. Thus, we need not decide if the trial court incorrectly applied legal precedent relating to constructive trusts and "replacement" insurance policies, since we will affirm a trial court's grant of summary judgment if it was right for any reason. *Strickland v. Auto-Owners Ins. Co.*, 273 Ga. App. 662, 666 (2) (615 SE2d 808) (2005).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

---

[5] Carolyn McReynolds relies on *Bryant v. Guaranty Life Ins. Co.*, 40 Ga. App. 573 (150 SE 596) (1929) and *Empire Life Ins. Co. v. Mason*, 140 Ga. 141 (78 SE 935) (1913) to support her contention that she has a cause of action for breach of the duty to investigate. However, *Bryant* was an action brought by an insurance company to recover insurance policy proceeds from a party who had been incorrectly paid the proceeds. *Empire Life Ins. Co.* was an action brought by the administratrix of an estate against several parties, including the insurance company who had issued an annuity policy to the deceased, alleging that the policy was fraudulently paid out to a third party. Thus, neither case is factually or legally similar to the present dispute.

[6] See, e.g., *Curtis v. Curtis*, 243 Ga. 611 (255 SE2d 693) (1979) (action against newly named beneficiary under implied trust theory); *Brooks v. Jones*, 227 Ga. 566 (181 SE2d 861) (1971) (action for breach of divorce decree against estate of deceased). We also note that prior to the disbursement of insurance policy proceeds, a party under certain circumstances is entitled to bring a declaratory judgment action against the insurance company itself. See *Whitehead v. Whitehead*, 191 Ga. App. 330 (381 SE2d 757) (1989).

Decided November 23, 2005 —
Reconsideration denied December 9, 2005 — 

*William A. Wall, Patrick J. Gibbs*, for appellant.
*Wilson & Epstein, Warner R. Wilson, Jr.,* for appellees.